# United States Court of Appeals for the Federal Circuit

2007-1133


DIGEO, INC.,

Plaintiff-Appellee,

v.


AUDIBLE, INC.,

Defendant-Appellant.


Lawrence D. Graham, Black Lowe & Graham PLLC, of Seattle, Washington, argued for plaintiff-appellee. With him on the brief was Mark L. Lorbiecki.

Stellman Keehnel, DLA Piper US LLP, of Seattle, Washington, argued for defendant-appellant. Of counsel were Christopher M. Huck and Kit W. Roth.

Appealed from: United States District Court for the Western District of Washington

Judge James L. Robart

# United States Court of Appeals for the Federal Circuit

2007-1133

DIGEO, INC.,

Plaintiff-Appellee,

v.

AUDIBLE, INC.,

Defendant-Appellant.

_____

DECIDED:  November 1, 2007

_____

Before MICHEL, Chief Judge, MOORE, Circuit Judge, and COTE,[*] District Judge.

MICHEL, Chief Judge.

Audible, Inc. ("Audible") appeals the decision of the United States District Court for the Western District of Washington to deny Audible's motion for attorney fees under 35 U.S.C. § 285 including its request for additional discovery to develop the § 285 claim. We heard oral argument on September 5, 2007.  Because we discern no clear error in the district court's finding that the case is not exceptional and because we conclude the court did not abuse its discretion in denying additional discovery, we affirm.

I

Digeo, Inc. ("Digeo") purchased U.S. Patent No. 5,734,823 ("'823 patent") "as is" from IPDN Corporation, the successor in interest to Microtome, Inc., at a bankruptcy

---

[*]	Honorable Denise Cote, District Judge, United States District Court for the Southern District of New York, sitting by designation.

estate sale on August 12, 2002. The '823 patent is entitled, "Systems and Apparatus for Electronic Communication and Storage of Information," (e.g., video pocket readers) with Michael Saigh, Douglas Brockhouse, Edward Chang, and Hsiao-Shih Chang listed as the inventors. Hsiao-Shih Chang is Edward Chang's brother and goes by the informal name Oliver Chang.

The facts of this case read like a novel in that they involve the resurrection of an inventor thought to be deceased. Shortly prior to the bankruptcy estate sale, Digeo obtained the file history for the '823 patent, which contains riveting facts. A Power of Attorney ("POA") was filed with the United States Patent and Trademark Office ("USPTO") on July 25, 1996,[1] allegedly signed by <u>Oliver Chang</u> as the executor of the estate of his deceased brother, Edward Chang. Also filed on the same day was a separate POA by <u>Oliver Chang</u>, Saigh, and Brockhouse. The file history contains no document demonstrating that Edward Chang was deceased.

Both the issue fee transmittal dated July 22, 1997, and the '823 patent, which issued on March 31, 1998, list Microtome as the assignee, although the bankruptcy trustee did not file the assignments to Microtome with the USPTO until July 11, 2002, i.e., well after the patent had issued. In particular, there are July 1996 assignments to Microtome by (1) <u>Oliver Chang</u>, Saigh, and Brockhouse, and (2) <u>Oliver Chang</u> on behalf of Edward Chang. All assignments were notarized in July 1996,[2] predating the

---

[1]    July 25, 1996 is also the filing date of U.S. Application No. 08/687,292, which issued as the '823 patent.

[2]    Because the assignments allegedly predate the filing date of the application, we wonder why the purported POAs are signed by the inventors and not by Microtome.

issuance of the '823 patent, but were not filed with the USPTO until a few weeks before the bankruptcy estate sale.

Digeo sued Audible for infringement of the '823 patent on March 23, 2005, almost two and a half years after Digeo had purchased the patent.[3] In its complaint, Digeo alleges that it is "the owner of all right, title, and interest in the '823 patent, including the right to sue for infringement of that patent." Compl. ¶ 9. About a year into the litigation, Audible deposed the Changs on May 19, 2006 and discovered that Edward Chang was alive and residing in Los Angeles, CA and that Oliver Chang did not sign the documents purported to be the POAs and assignments. Audible also secured a license from Edward Chang to the '823 patent retroactive to the date of issuance. As a result, Audible moved for summary judgment ("MSJ") and alternatively for dismissal on May 25, 2006, on the grounds that Digeo lacked standing because it did not possess complete ownership of the '823 patent and that Audible had a license under the '823 patent. In the MSJ, Audible also moved for attorney fees under § 285.

On August 24, 2006, the district court granted partial summary judgment in favor of Audible on Digeo's claim of patent infringement. The district court concluded that because the assignments were forgeries,[4] they did not convey legal title to Digeo.[5] The summary adjudication was partially in favor of Audible because there was a material

---

[3] Digeo also sued other parties for patent infringement prior to the instant suit, but those cases settled.

[4] Although the district court used the term "forgery" to denote that there was no evidence that Oliver Chang signed the documents or authorized their creation, the court explained that it was not opining on whether anyone had committed the criminal offense of forgery.

[5] The trial court based this ruling in part on the undisputed testimony by Hsiao-Shih Chang that he did not sign the purported assignments and POAs and by the notary public who believed she did not notarize the assignments in question.

factual dispute as to whether Digeo had equitable title to the patent based on Edward Chang's fiduciary or express contractual duty to assign his interest to Microtome. The district court also denied Audible's § 285 motion because there was no evidence that Digeo knew or should have known about the forged documents.

On October 18, 2006, Digeo filed a voluntary motion to dismiss the complaint with prejudice. One day later, the Changs filed a motion to intervene. Audible filed an opposition to the motion to dismiss in which it renewed its § 285 motion and asked for limited discovery to develop its § 285 claim.[6]

On December 1, 2006, the district court granted the motion to dismiss the complaint with prejudice[7] and denied the motion to intervene. The district court also denied Audible's renewed motion for attorney fees and request for extension of discovery. Digeo, Inc. v. Audible, Inc., No. 05-464, 2006 U.S. Dist. LEXIS 87266 (W.D. Wash. Dec. 1, 2006) ("Dismissal Order"). The district court entered final judgment on December 1, 2006.[8] This timely appeal followed on the issue of whether the district court's denial of the § 285 motion and request for additional discovery was proper.

II

We apply Federal Circuit caselaw to the § 285 analysis, as it is unique to patent law. Pharmacia & Upjohn Co. v. Mylan Pharms., Inc., 182 F.3d 1356, 1359 (Fed. Cir. 1999). The determination of whether a case is exceptional and, thus, eligible for and warranting an award of attorney fees under § 285 is a two-step process in which the

---

[6] In its opposition brief, Audible cited its Case Disposition Brief of October 6, 2006, in which it had previously moved for additional discovery.

[7] The trial court also dismissed without prejudice Audible's counterclaims for a declaration of invalidity and unenforceability of the '823 patent.

[8] The trial court clarified this order on December 20, 2006.

district court must (1) determine whether there is clear and convincing evidence that a case is exceptional, a factual determination reviewed for clear error, and (2) if so, then determine in its discretion whether an award of attorney fees is justified, a determination that we review for an abuse of discretion. Cybor Corp. v. FAS Techs., 138 F.3d 1448, 1460 (Fed. Cir. 1998) (en banc); see also 35 U.S.C. § 285 ("The court in exceptional cases may award reasonable attorney fees to the prevailing party."). Because the district court denied the § 285 motion solely on the basis that it found that the case was not exceptional, we merely analyze whether that fact-finding was clearly erroneous. A finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).

If there is clear and convincing evidence that a plaintiff has brought a baseless or frivolous suit against an accused infringer, that is a sufficient basis to require a district court to deem the case exceptional under § 285. See Forest Labs., Inc. v. Abbott Labs., 339 F.3d 1324, 1329-30 (Fed. Cir. 2003) ("Although a lawsuit pursued in bad faith is a sufficient basis for imposing attorney fees under § 285, such bad faith requires not misleading pre-litigation conduct, but vexatious, unjustified, or frivolous litigation."). After the district court considered the circumstances of this case and all the evidence, it observed that (1) the lack of an assignment in the file history is immaterial because there is no evidence suggesting one should expect to find an assignment in the file history; (2) just before the '823 patent issued, Microtome indicated that it was the sole assignee; (3) the later-recorded assignments, bearing dates prior to the issuance of the

'823 patent, suggest sloppy paperwork but not a defective title; and (4) the '823 patent, recorded assignments, and file history are consistent with a finding that Digeo purchased a patent that appeared to have been assigned to Microtome. In response to Audible's argument that the defect in title would have been discovered through ordinary diligence, the court found that no one else (including the prior litigants that had settled their suit with Digeo) discovered the defect prior to Audible, that it took Audible at least a year of litigation to discover the problem, and that Audible offered no evidence as to what steps it took to discover the defect. Therefore, the district court concluded that there was no <u>clear and convincing</u> evidence that Digeo knew or should have known of the defect in its title to the '823 patent. The district court's findings and inferences therefrom are not clearly erroneous. Therefore, its ultimate finding that the case is not exceptional cannot be clearly erroneous, either.

III

On appeal, Audible argues that the district court committed error by switching the burden of proof to Audible to show that Digeo had not performed an appropriate pre-suit investigation, rather than leaving that burden with Digeo, in contravention of <u>View Engineering, Inc. v. Robotic Vision Systems, Inc.</u>, 208 F.3d 981 (Fed. Cir. 2000). We give plenary review to whether the district court applied the proper legal standard under § 285. <u>Forest Labs</u>, 339 F.3d at 1328.

<u>View Engineering</u>, where we, applying Ninth Circuit caselaw, affirmed a district court's award of sanctions against a law firm for failure to make a reasonable inquiry into the facts prior to filing infringement counterclaims, is a case interpreting Rule 11 of the Federal Rules of Civil Procedure, not 35 U.S.C. § 285. 208 F.3d at 984. Therefore,

View Engineering is inapposite. Motions under Rule 11 and § 285 are different.[9] Cf. Fed. R. Civ. P. 11 (providing for sanctions for failure to conduct a reasonable inquiry into the legal and factual bases of claims) and 35 U.S.C. § 285 (granting district courts discretion to award reasonable attorney fees to the prevailing party in exceptional cases). We apply the law of the regional circuit, in this case the Ninth Circuit,[10] to Rule 11 cases, Q-Pharma, Inc. v. Andrew Jergens Co., 360 F.3d 1295, 1299 (Fed. Cir. 2004), whereas we apply the law of our circuit to § 285 cases.

Once a litigant moves based upon non-frivolous allegations for a Rule 11 sanction, the burden of proof shifts to the non-movant to show it made a reasonable pre-suit inquiry into its claim. View Eng'g, 208 F.3d at 986 ("In bringing a claim of infringement, the patent holder, if challenged, must be prepared to demonstrate to both the court and the alleged infringer exactly why it believed before filing the claim that it had a reasonable chance of proving infringement."). However, the burden of proof for § 285 motions remains with the movant to show by clear and convincing evidence that the case is exceptional. See Carroll Touch, Inc. v. Electro Mech. Sys., Inc., 15 F.3d 1573, 1584 (Fed. Cir. 1993) ("As the party moving for attorney fees, the burden was on [movant] to prove the exceptional nature of the case by clear and convincing evidence."); Reactive Metals & Alloys Corp. v. ESM, Inc., 769 F.2d 1578, 1582 (Fed. Cir. 1985) ("At the trial level, a prevailing party who seeks an award of attorney fees has

    [9] One key difference is that Rule 11 motions must comply with the safe harbor provision, but § 285 motions need not. See generally Fed. R. Civ. P. 11.
    [10] We observe that the "Ninth Circuit defines a frivolous claim or pleading for Rule 11 purposes as one that is 'legally or factually "baseless" from an objective perspective . . . [and made without] a reasonable and competent inquiry.'" Q-Pharma, 360 F.3d at 1299 (internal citations omitted).

the burden of proof of facts which establish the exceptional character of the case."). Although a Rule 11 violation can serve as the basis for finding a case exceptional, there was no Rule 11 motion or finding by the district court below upon which to base a finding of exceptionality. See Brooks Furniture Mfg. v. Dutailier Int'l, Inc., 393 F.3d 1378, 1381 (Fed. Cir. 2005) ("A case may be deemed exceptional when there has been some material inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Fed. R. Civ. P. 11, or like infractions." (citations omitted) (emphasis added)). Thus, had Audible brought a successful Rule 11 motion against Digeo, the burden would have shifted to Digeo to show it did conduct a reasonable pre-suit investigation. That Rule 11 conduct, if so found by the district court, could have served as the basis for a separate, § 285 motion in which Audible would have to show the exceptionality of the case by clear and convincing evidence. However, as noted above, there was no such finding in this case.[11]

Therefore, the burden here is not on Digeo to show it conducted a reasonable pre-suit investigation into its infringement claim, namely an investigation of its legal title to the '823 patent, as in a Rule 11 context. Instead, the burden is on Audible to prove by clear and convincing evidence that the case is exceptional by showing that Digeo brought a frivolous lawsuit because it knew or should have known that it lacked legal title to the '823 patent. See Haynes Int'l Inc. v. Jessop Steel Co., 8 F.3d 1573, 1579

---

[11] Digeo contends that it should receive fees for having to defend Audible's objectively baseless Rule 11 argument. We disagree. Although Audible's attempt to graft Rule 11 precedent onto § 285 caselaw is unpersuasive, it certainly is not sanctionable.

(Fed. Cir. 1993) ("A frivolous infringement suit is one which the patentee knew or, on reasonable investigation, should have known, was baseless."). Contrary to Audible's argument, the district court did not <u>switch</u> the burden of proof to Audible, for the burden of proof for § 285 claims has always rested with Audible as the movant. Therefore, we conclude that the district court did not misapply the legal standard under § 285 and thus did not err.

IV

Audible advocates on appeal, albeit without legal support, for a heightened standard of pre-suit investigation when a patent holder purchases a patent "as is." <u>See</u> Appellant's Br. at 17 ("[W]here a plaintiff has bought rights 'AS IS' and without any representations or warranties, the mandatory pre-suit investigation must consist of something more than reading the file history."). Per Audible, Digeo ignored red flags, such as the absence of an assignment to Microtome in the file history of the '823 patent; a change in Hsiao Chang's signature; no proof of Edward Chang's death; and an "as is" sale. Audible also cites as a further indicium of an inadequate pre-suit investigation, the lack of evidence that Digeo read the file history of the '823 patent. We disagree with Audible's expansive reading of § 285, for we have never required a heightened investigation into the legal title of all patents purchased "as is." We decline to do so now.

Rather, we have stated that merely negligent conduct does not suffice to establish that a case is exceptional. <u>See</u> <u>Mach. Corp. of Am. v. Gullfiber AB</u>, 774 F.2d 467, 473 (Fed. Cir. 1985) (stating that in order to show case is exceptional, movant must prove actual wrongful intent or gross negligence, i.e., conduct short of fraud but in

excess of simple negligence); <u>see also</u> <u>Aptix Corp. v. Quickturn Design Sys.</u>, 269 F.3d 1369, 1374-75 (Fed. Cir. 2001) (holding that an inventor's fraud in the form of falsified lab notebooks and litigation misconduct made the case exceptional under § 285); <u>Eltech Sys. Corp. v. PPG Indus., Inc.</u>, 903 F.2d 805, 810 (Fed. Cir. 1990).[12]  The district found that Audible adduced no evidence suggesting Digeo's negligence, much less a higher degree of culpability, in not learning of the title defect.  We see no clear error in that result.

The pertinent inquiry here is whether Digeo knew or should have known its legal title was defective, <u>Haynes</u>, 8 F.3d at 1579.  Although Digeo offered evidence that it obtained the file history prior to its purchase of the '823 patent, Stewart Dec., there is no evidence that Digeo read the file history.  In fact, the declaration is evidence of a pre-purchase activity, not a pre-suit investigation.  Juxtaposed with the file history is the issued patent's listing of Microtome as the assignee.[13]  Given the inventors' potential involvement as the creators and/or officers of Microtome and the lack of evidence of what Audible did to discover the fraud, the district court did not commit clear error in finding that Digeo did not perpetrate or know about, nor should Digeo have known about, the forged documents—and hence a possible defect in its legal title.  Although the facts of this case are unusual, the case is not exceptional under § 285.

---

[12]    Although most of these § 285 cases address situations where there is no reasonable ground for infringement, we extend them to situations such as the present one where there could not possibly be a reasonable ground for patent infringement if there is no legal title to the patent.

[13]    The USPTO must have received instructions that Microtome was the assignee from somewhere, although the purported assignments were not filed until July 11, 2002.

V

We review the district court's denial of additional discovery, an issue not unique to patent law, for abuse of discretion, applying the law of the regional circuit. Qualls v. Blue Cross, Inc., 22 F.3d 839, 844 (9th Cir. 1994); see also Springs Window Fashions L.P. v. Novo Indus., L.P., 323 F.3d 989, 997 (Fed. Cir. 2003) (applying abuse of discretion standard of review to a denial of a Rule 56(f) motion for additional discovery). A reviewing court will not disturb a denial of additional discovery unless there is "the clearest showing" that the denial will result in "actual and substantial prejudice to the complaining litigant" (e.g., "a reasonable probability that the outcome would have been different had discovery been allowed"). Laub v. U.S. Dep't of Interior, 342 F.3d 1080, 1093 (9th Cir. 2003) (quoting Hallett v. Morgan, 287 F.3d 1193, 1212 (9th Cir. 2002) and citing Martel v. County of Los Angeles, 56 F.3d 993, 995 (9th Cir. 1995)).

In denying Audible's request for additional discovery, the district court found that Audible's motion was based on its unsubstantiated speculation that Digeo had engaged in culpable pre-suit conduct. See Dismissal Order, 2006 U.S. Dist. LEXIS 87266, at *16 ("[T]o date, Audible has adduced no evidence suggesting Digeo's negligence, much less a higher degree of culpability."). This is not surprising since the evidence that Audible had proffered (e.g., purported assignments, lack of a death certificate, and "as is" patent purchase) was not evidence that Diego had conducted an inadequate pre-suit investigation into its legal title. Instead, by all appearances (i.e., stemming from the issued patent, filed purported assignments, and relationship of the inventors to the company) Microtome was the assignee of the issued patent.

The district court balanced Audible's assertion that additional discovery would produce evidence of Digeo's culpable conduct against the expenditure of resources discovery would require and determined that additional discovery was not warranted. In so doing, the district court found that Audible's request for additional discovery was based on "unsubstantiated speculation" of Digeo's misconduct. Id. Audible's "unsubstantiated speculation" about Digeo's conduct does not demonstrate a "reasonable probability that the outcome [of its § 285 motion] would have been different had discovery been allowed." Laub, 342 F.3d at 1093. Therefore, we find no abuse of discretion in the district court's denial of the discovery motion.

Additionally, Audible discovered that Edward Chang was alive no later than May 19, 2006, when it deposed him. Yet, even armed with this information, Audible did not seek to depose anyone regarding Digeo's pre-suit conduct until at least October 6, 2006, when it filed a case disposition brief containing a request for additional discovery.

This is a unique case involving an unusual set of facts—a not-so-dead inventor, forged documents, no evidence of culpability, and a late discovery request. Audible sought additional discovery based on nothing more than a hunch that Digeo conducted an inadequate pre-suit investigation, and Audible did not seek additional discovery diligently. The district court's denial of additional discovery under these circumstances certainly does not rise to the level of abuse required before we can overturn its decision.

VI

Because we find no clear error in the district court's finding that this case is not exceptional and because we see no abuse of discretion in its denial of additional discovery, the decision of the district court is

<u>AFFIRMED</u>.