NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PETZILA, INC., A DELAWARE CORPORATION,**
*Plaintiff-Appellant*

**v.**

**ANSER INNOVATION LLC, A MINNESOTA LIMITED LIABILITY COMPANY,**
*Defendant-Appellee*

---

2015-1104

---

Appeal from the United States District Court for the Northern District of California in No. 3:14-cv-01354-EMC, Judge Edward M. Chen.

---

Decided: July 28, 2015

---

NICOLAS SPIROS GIKKAS, The Gikkas Law Firm, Palo Alto, CA, for plaintiff-appellant.

GRANT DAVID FAIRBAIRN, Fredrikson & Byron, PA, Minneapolis, MN, for defendant-appellee. Also represented by CHELSEA L. SOMMERS.

---

Before LOURIE, DYK, and MOORE, *Circuit Judges*.

MOORE, *Circuit Judge*.

Petzilla, Inc., d/b/a Petzila ("Petzilla") appeals from decisions by the United States District Court for the Northern District of California dismissing its case for lack of personal jurisdiction and denying-in-part jurisdictional discovery. For the reasons set forth below, we *affirm*.

BACKGROUND

Petzilla and Anser Innovation LLC are start-up companies that developed products that allow pet owners to video-chat with their pets and release an edible treat. In 2013, Anser sent a letter to Petzilla in California, inquiring whether Petzilla was interested in licensing Anser's U.S. Patent No. 7,878,152 ("the '152 patent") for Petzilla's PetziConnect product. Petzilla answered by letter that while PetziConnect was not "in conflict" with the '152 patent, there could be cross-licensing opportunities between the companies. J.A. 102. Anser responded by letter that it was not interested in collaborating with Petzilla; that Petzilla should cease-and-desist from making, using, or offering for sale PetziConnect; and that if Petzilla made PetziConnect commercially available, Anser would take legal action.

On March 24, 2014, Petzilla brought this action, seeking declaratory judgment of noninfringement and invalidity of the '152 patent. Anser moved to dismiss for lack of personal jurisdiction. Anser is a Minnesota limited liability company headquartered in Minnesota. Petzilla moved for expedited jurisdictional discovery to "(1) build a fuller factual record that sufficient contacts exist between Anser and California and (2) rebut contrary assertions made in Anser's motion to dismiss and supporting declaration from its CEO." J.A. 173–74. With its motion, Petzilla proposed requests for production, interrogatories, and subpoenas to third parties for the production of docu-

ments. Petzilla also sought leave to depose Anser and its CEO.

On May 20, 2014, the district court granted-in-part and denied-in-part Petzilla's discovery motion. *Petzilla, Inc. v. Anser Innovation LLC*, No. 3:14-cv-1354-EMC (N.D. Cal. May 20, 2014), ECF No. 28 (J.A. 310–13). The court found that the requested discovery was overly broad and that Petzilla had not shown a need for depositions of both Anser and its CEO, interrogatories if a deposition were allowed, or third-party discovery. *Id.* at 3 (J.A. 312). The court ruled that Petzilla could request documents from Anser and depose either Anser or its CEO, with the discovery "limited to Anser's relationships with distributors and retailers—in particular, whether Anser contracted with an exclusive distributor or retailer to sell the patented product in California and [whether] the agreement was analogous to an exclusive patent license." *Id.* at 4 (J.A. 313). Petzilla requested documents from Anser but did not depose Anser or its CEO.

Petzilla moved for leave to file a motion for reconsideration of the discovery order, arguing that the produced documents contradicted statements in Anser's motion to dismiss and the supporting declaration from its CEO. The court denied the motion, but granted Petzilla an extension of time to depose Anser's CEO, noting that Petzilla could use the deposition to address the alleged inconsistencies. Despite this extension, Petzilla did not depose Anser's CEO.

On September 23, 2014, the court granted Anser's renewed motion to dismiss for lack of personal jurisdiction. *Petzilla, Inc. v. Anser Innovation LLC*, No. 3:14-cv-1354-EMC, 2014 WL 4744434, at *1 (N.D. Cal. Sept. 23, 2014). This appeal followed. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

DISCUSSION

I.

We review personal jurisdiction determinations de novo, applying Federal Circuit law. *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1016 (Fed. Cir. 2009). Because the district court determined personal jurisdiction without an evidentiary hearing, Petzilla needed to make only a prima facie showing that Anser was subject to personal jurisdiction. *Id.* at 1017. We accept Petzilla's uncontroverted allegations as true and resolve any factual conflicts in its favor. *Id.*

General personal jurisdiction requires that the defendant have continuous and systematic contacts with the forum state, while specific personal jurisdiction can exist even if the contacts are not continuous and systematic. *Id.* In actions for declaratory judgment of patent noninfringement and invalidity, specific personal jurisdiction can arise from cease-and-desist communications in combination with "additional activities" that "relate in some material way to the enforcement or defense of the patent" and are purposefully directed at the forum. *Id.* at 1019–20. A defendant patentee's own commercial activities are irrelevant to this special test because they are not materially related to patent enforcement or defense. *Id.* at 1019.

The district court wrote that Petzilla "appear[ed] to agree" that general personal jurisdiction did not extend to Anser, and that regardless, Anser's "isolated and sporadic" contacts with California were insufficient to demonstrate general personal jurisdiction. *Petzilla*, 2014 WL 4744434, at *4. The court determined that Anser was not subject to specific personal jurisdiction because Anser's sending a cease-and-desist letter to Petzilla was its only California activity relating to the enforcement or defense of the '152 patent.

On appeal, Petzilla argues that the court had specific personal jurisdiction over Anser based on Anser's cease-and-desist letter in combination with Anser's agreement with Tuffy's Pet Foods, Inc.[1] Petzilla contends that the Tuffy's agreement was "an exclusive implied patent license (or its functional equivalent)," Appellant's Br. 17, and thus a sufficient "additional activity" because (1) it gave Tuffy's the exclusive right to make and sell treats and "treat packs" for use in Anser's PetChatz products, and (2) the treats and treat packs are required for practicing the methods of claims 1, 8, and 11. Claims 1 and 8 recite "[a] method for communicating with an animal comprising . . . a food dispenser," and claim 11 recites "[t]he method of claim 8 further comprising dispensing food to the animal." '152 patent col.4 l.56–col.5 l.10; col.5 ll.23–47; col.6 ll.6–7.

We agree with the district court that it lacked specific personal jurisdiction over Anser. First, Anser's sending cease-and-desist letters to Petzilla in California is insufficient to establish personal jurisdiction. *See Autogenomics*, 566 F.3d at 1019. Second, Petzilla did not show that Anser purposefully directed "additional activities" at California that related in some material way to the validity and enforceability of the '152 patent. *See id.* at 1020.

Anser's entering into the Tuffy's agreement is not enough. The agreement did not give Tuffy's an exclusive license to the '152 patent, obligate Anser to enforce the '152 patent, or give Tuffy's the right to sue others for infringement of the '152 patent. *See, e.g.*, *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1366–67 (Fed. Cir. 2006) (holding that exclusively licensing the patent to an entity in the forum state constituted

---

[1] Petzilla does not appeal the district court's determination that it did not have general personal jurisdiction over Anser.

sufficient "additional activity" where the entity was given the right to sue others for patent infringement); *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995); (holding that exclusively licensing the patent to an entity in the forum state constituted sufficient "additional activity" where the entity was given the right to sue others for patent infringement and the patentee was obligated to enforce the patent). Instead, the agreement gave Tuffy's only "a royalty free, nonexclusive limited license" to use Anser's intellectual property "solely in connection with" the sale of "treat packs" and contained no provision relating to the enforcement or defense of the '152 patent against third parties. *Petzilla*, 2014 WL 4744434, at \*6.

The agreement also did not give Tuffy's exclusive distribution or retail rights to a patented product. *See, e.g.*, *Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir. 1997) (holding that giving exclusive distribution and retail rights in the forum state for a patented product constituted sufficient "additional activity"). Even if the agreement gave Tuffy's the exclusive right to make and sell treats and "treat packs" for use in PetChatz, the treats and treat packs are not patented products. The Tuffy's agreement distinguished "treat packs" from "treat pack dispensers," *Petzilla*, 2014 WL 4744434, at \*2, which indicates that the treat packs were not "food dispenser[s]" as recited in claims 1 and 8. Even if the treat packs were "food dispenser[s]" as used in claims 1 and 8 and the treats were "food" as used in claim 11, Petzilla has not shown that the treats or treat packs met any other limitation of these claims. Therefore, on this record, the treats and treat packs were not patented products. *See Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1575 (Fed. Cir. 1995). We are not persuaded by Petzilla's other arguments. Because Petzilla has not shown that Anser purposefully directed "additional activities" at California that related in a material way to the validity and enforceability of the '152 patent,

the district court correctly ruled it did not have personal jurisdiction over Anser.[2]

## II.

We review a district court's denial of jurisdictional discovery under the law of the regional circuit, here the Ninth Circuit, which reviews such denials for abuse of discretion. *Autogenomics*, 566 F.3d at 1021–22 (citing *Digeo, Inc. v. Audible, Inc.*, 505 F.3d 1362, 1370 (Fed. Cir. 2007)). Under this standard, we uphold denials "unless there is the clearest showing that the denial will result in actual and substantial prejudice to the complaining litigant." *Digeo*, 505 F.3d at 1370.

The district court did not abuse its discretion in denying-in-part jurisdictional discovery. Petzilla has not shown that the denial will cause actual and substantial prejudice, for example by showing a reasonable probability that the outcome would have been different had additional discovery been allowed. Petzilla has not identified the additional discovery it believes should have been permitted or shown that such discovery would have provided any information that it could not have obtained from deposing Anser or Anser's CEO, which was permitted under the discovery order.

## CONCLUSION

Because the district court did not have personal jurisdiction over Anser and did not abuse its discretion by

---

[2] Petzilla argues for the first time on appeal that our decisions on personal jurisdiction in declaratory judgment actions were overruled *sub silentio* by the Supreme Court's decision in *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S. Ct. 843 (2014). We reject this argument as untimely.

denying-in-part Petzilla's request for jurisdictional discovery, we *affirm*.

## AFFIRMED

### COSTS

Costs to Anser.