NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SARIF BIOMEDICAL LLC,**
*Plaintiff-Appellee*

**v.**

**BRAINLAB, INC., BRAINLAB AG, BRAINLAB MEDIZINISCHE COMPUTERSYSTEME GMBH,**
*Defendants-Appellants*

---

2017-1103

---

Appeal from the United States District Court for the District of Delaware in No. 1:13-cv-00846-LPS, Chief Judge Leonard P. Stark.

---

Decided: March 21, 2018

---

PAUL ANTHONY KROEGER, Russ August & Kabat, Los Angeles, CA, argued for plaintiff-appellee. Also represented by MARC AARON FENSTER, JEFFREY ZHI YANG LIAO.

JAY CAMPBELL, Tucker Ellis LLP, Cleveland, OH, argued for defendants-appellants. Also represented by MARISSA MEGAN ENNIS, JOSHUA MICHAEL RYLAND; SANDRA J. WUNDERLICH, St. Louis, MO.

---

Before REYNA, WALLACH, and HUGHES, *Circuit Judges.*

WALLACH, *Circuit Judge.*

Appellee Sarif Biomedical LLC ("Sarif") sued Appellants Brainlab, Inc., Brainlab AG, and Brainlab Medizinische Computersysteme GmbH (collectively, "Brainlab") in the U.S. District Court for the District of Delaware ("District Court"), alleging infringement of, inter alia, claims 1–9 of U.S. Patent No. 5,755,725 ("the '725 patent"). Following an order on claim construction adverse to Sarif, *see Sarif Biomed. LLC v. Brainlab, Inc.* (*Sarif I*), No. 13-846-LPS, 2015 WL 5072085, at *10 (D. Del. Aug. 26, 2015), the parties jointly stipulated to final judgment of invalidity and noninfringement, and Brainlab filed a motion for attorney fees pursuant to 35 U.S.C. § 285 (2012). The District Court denied Brainlab's Motion for Attorney Fees. *Sarif Biomed. LLC v. Brainlab, Inc.* (*Sarif II*), No. 13-846-LPS, 2016 WL 5422479, at *1 (D. Del. Sept. 27, 2016) (Order on Attorney Fees).

Brainlab appeals the denial of attorney fees. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1) (2012). We affirm.

## BACKGROUND

### I. The '725 Patent

Entitled "Computer-Assisted Microsurgery Methods and Equipment," the '725 patent "relates to an installation for computer-assisted stereotactic microsurgery" that includes, inter alia, the use of a microsurgery tool-support and an image data base. '725 patent col. 1 ll. 7–8; *see id.* col. 2 l. 62–col. 3 l. 2. The '725 patent purports "to assure a correlation between the digital images obtained by means of a medical imaging system with the patient so as to provide the surgeon with the data intended to guide his operative strategy in real time." *Id.* col. 2 ll. 42–46.

Claim 1, from which claims 2–9 directly or indirectly depend, is the only independent claim on appeal. It relates to "[a] computer-assisted microsurgery installation," which, relevant here, includes "(e) means for determining coordinates of the tool in the fixed reference system $R_c$ based on data from the image data base" ("limitation (e)"). *Id.* col. 10 l. 62, col. 11 ll. 18–20.[1]

## II. The Relevant Proceedings

On May 14, 2013, Sarif filed its complaint in the District Court. J.A. 988. While the District Court litigation was pending, Brainlab petitioned the U.S. Patent and Trademark Office ("USPTO") for inter partes review of Sarif's '725 patent. *See Brainlab, AG v. Sarif Biomed. LLC*, No. IPR2014-00753, 2014 WL 5788571, at *1 (P.T.A.B. Nov. 4, 2014). The USPTO's Patent Trial and Appeal Board ("PTAB") declined to institute inter partes review for claims 1–9 on the basis that claim 1, and therefore attendant claims 2–9, were indefinite because the specification lacked a supporting structure. *See id.* at *1, *6. Sarif ultimately disclaimed remaining claims 10 and 11, thereby terminating the PTAB proceedings, but Sarif continued to pursue claims 1–9 in the District Court litigation.

---

[1]    The District Court construed limitation (e) as a means-plus-function limitation, *see Sarif I*, 2015 WL 5072085, at *9, and the parties do not dispute that limitation (e) is a mean-plus-function limitation, *see, e.g.*, Appellants' Br. 7; Appellee's Br. 4; *see also* 35 U.S.C. § 112 ¶ 6 (2006) ("An element in a claim for a combination may be expressed as a *means or step for* performing a specified function without the recital of structure, material, or acts in support thereof, and such claim *shall be construed* to cover the corresponding structure, material, or acts *described in the specification* and equivalents thereof." (emphases added)).

On August 26, 2015, the District Court issued *Sarif I* and determined that the specification lacked a supporting structure, such that limitation (e) was indefinite. *See* 2015 WL 5072085, at *9. The District Court explained that, "[w]hile . . . the specification teaches detailed formulas for transitioning from one frame to another, there is no clear structural link for the cameras to use the image database to determine the coordinates of the tool—which is the disclosed function." *Id.* at *10. On October 1, 2015, Sarif and Brainlab filed a joint stipulation of judgment of invalidity and noninfringement, stipulating that, in light of the District Court's claim construction order, "claims 1 through 9 of the [']725 patent are invalid due to indefiniteness." J.A. 983. The District Court entered judgment of invalidity and noninfringement. J.A. 999.

On October 19, 2015, Brainlab moved for attorney fees pursuant to § 285. J.A. 7. The District Court denied Brainlab's Motion for Attorney Fees and determined that the case was not "exceptional," "find[ing] no basis to conclude that this case should not have been brought." *Sarif II*, 2016 WL 5422479, at *1. The District Court found that "[Sarif] had a good faith, though ultimately incorrect, belief that its claims were not indefinite," noting that, "[a]t each stage of the litigation, [Sarif] provided detailed arguments, grounded in the intrinsic evidence, in support of its proposed constructions" and "obtained expert opinion which supported its constructions." *Id.* at *2 (footnote omitted). The District Court rejected Brainlab's arguments that "[Sarif]'s conduct following the PTAB proceeding constituted an unreasonable approach to litigation or demonstrate[d] that [Sarif]'s case was extraordinarily weak." *Id.*

DISCUSSION

I. Standard of Review and Legal Standard

We review "all aspects of a district court's § 285 determination for abuse of discretion." *Highmark Inc. v.*

*Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744, 1747 (2014). A district court abuses its discretion where, inter alia, it "bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs., Inc.*, 858 F.3d 1383, 1387 (Fed. Cir. 2017) (quoting *Highmark*, 134 S. Ct. at 1748 n.2). "A factual finding is clearly erroneous if, despite some supporting evidence, we are left with the definite and firm conviction that a mistake has been made." *Id.* (internal quotation marks and citation omitted).

"We apply Federal Circuit caselaw to the § 285 analysis, as it is unique to patent law." *Digeo, Inc. v. Audible, Inc.*, 505 F.3d 1362, 1366 (Fed. Cir. 2007) (citation omitted); *see, e.g.*, *AdjustaCam, LLC v. Newegg Inc.*, 861 F.3d 1353, 1359 (Fed. Cir. 2017) (relying on Federal Circuit precedent). By statute, a district court "in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "An 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). The Supreme Court has instructed that a district court should consider "the totality of the circumstances," including a party's "motivation." *Id.* at 1756, 1756 n.6 (internal quotation marks and citation omitted).

## II. The District Court Did Not Abuse Its Discretion in Making Its Exceptional-Case Determination

Brainlab argues the District Court abused its discretion in failing to award attorney fees. *See* Appellants' Br. 34–56. Brainlab contends that Sarif's unmeritorious construction of limitation (e) and modifications to its construction throughout the course of the proceedings

demonstrate that the District Court erred in evaluating the strength and reasonableness of Sarif's litigating position. *Id.* at 37–49. Brainlab also claims the District Court failed to account for the totality of the circumstances, including Sarif's improper motivations in maintaining this suit against Brainlab. *See id.* at 49–56. We disagree.

## A. Substantive Strength

The District Court properly evaluated the substantive strength of Sarif's case. The District Court found that Sarif acted in "good faith" in part because, "[a]t each stage of the litigation, [Sarif] provided detailed arguments, grounded in the intrinsic evidence, in support of its proposed constructions" and "obtained expert opinion which supported its constructions." *Sarif II*, 2016 WL 5422479, at *2 (footnote omitted).[2] Supporting its constructions with citations to the specification and expert testimony, Sarif identified two supporting structures for limitation (e)—"a computer . . . using algorithms," J.A. 750 (citing J.A. 777–79 (Sarif's expert declaration)), 1009–10 (joint claim construction chart) (citing '725 patent col. 7 l. 66–col. 9 l. 60); *see* J.A. 898, 913–14 (Sarif's expert testimony), and the specification's recital of "at least two acquisition cameras," J.A. 750 (citing J.A. 776–77 (Sarif's expert declaration)), 1009–10 (joint claim construction chart) (citing '725 patent col. 3 ll. 39–43); *see* J.A. 898 (Sarif's expert testimony). The District Court's ultimate disagreement with Sarif's proposed construction does not, on

---

[2]    Brainlab attempts to impugn the District Court's finding of good faith by arguing that a declaration provided by Sarif's counsel is conclusory. *See* Appellants' Br. 39–40. Whether Brainlab is correct, the District Court never relied on the contested declaration. *See generally Sarif II*, 2016 WL 5422479. We will not find an abuse of discretion based on purportedly insufficient evidence that was not considered below.

its own, render Sarif's case substantively weak. *See SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1348 (Fed. Cir. 2015) (distinguishing *Octane*'s "substantive *strength* of the party's litigation position" standard from "the *correctness* or eventual success of that position" (internal quotation marks and citation omitted)).

Moreover, the District Court properly determined that, "as a whole," Sarif's claim construction arguments were not "inconsistent with those [it] took before the PTAB." *Sarif II*, 2016 WL 5422479, at *2. Before the PTAB, Sarif proffered a similarly well-supported construction. Sarif identified as a supporting structure for limitation (e) "an algorithm or software running on a computer system." J.A. 90; *see* J.A. 91 (citing '725 patent col. 10 ll. 52–55). Although Sarif modified its position before the District Court by also relying on the specification's "at least two acquisition cameras," Sarif consistently relied on the algorithms on the computer system as a supporting structure in both constructions and justified its change in construction through reliance on its expert's testimony and the '725 patent's specification, as detailed above. *Compare* J.A. 90–91, *with* J.A. 750, *and* J.A. 1009–10.

Brainlab's counterarguments are ultimately unpersuasive under our standard of review. First, Brainlab avers that the PTAB's decision not to institute an inter partes review for claims 1–9, after stating these claims "cannot be construed" based on a likelihood that they are indefinite, *Brainlab*, 2014 WL 5788571, at *5, demonstrates the weakness of Sarif's position, as it is an important "objective indicator[] of the invalidity of the '725 patent," Appellants' Br. 42. Brainlab places too much significance on the PTAB's determination. The PTAB does not have authority to institute an inter partes review under § 112. *See* 35 U.S.C. § 311(b). Therefore, as Brainlab admitted, any conclusion regarding indefiniteness is dicta. *See* Oral Arg. at 27:31–40, http://oralarguments.

cafc.uscourts.gov/default.aspx?fl=2017-1103.mp3 ("Claims 1–9 were found to be indefinite . . . [by] the PTAB, in its dicta, . . . ."); *see also id.* at 28:58–31:06.

Second, Brainlab argues Sarif's proposed construction is weak because portions of Sarif's expert testimony appear to undermine its ultimate construction. *See* Appellants' Br. 42–44 (citing, inter alia, J.A. 876–77, 898). However, the District Court is entitled to weigh the credibility of an expert's testimony, *see Celsis In Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 929 (Fed. Cir. 2012) ("The district court has wide discretion to weigh expert credibility." (citation omitted)), and these isolated statements are insufficient to demonstrate that the District Court abused its discretion in finding that, on balance, the "expert opinion . . . supported [Sarif's] constructions," *Sarif II*, 2016 WL 5422479, at *2 (footnote omitted); *see* J.A. 898–900 (providing full expert testimony, which defends Sarif's construction); *see also Romag Fasteners, Inc. v. Fossil, Inc.*, 866 F.3d 1330, 1341 (Fed. Cir. 2017) (requiring, under § 285, a party's position to be "objectively unreasonable," rather than merely "weak," for an award of attorney fees).

Third, throughout its brief, Brainlab argues the District Court "fail[e]d to make findings of fact in support of its conclusion that Sarif's case was not unusually weak" and "ignored . . . overwhelming evidence." Appellants' Br. 37; *see id.* at 37–42. However, we have recognized that "[t]he trial judge [i]s in the best position to understand and weigh the[] issues," and the District Court "ha[d] no obligation to write an opinion that reveals [his] assessment of every consideration." *Univ. of Utah v. Max-Planck-Gesellschaft zur Foerderung der Wissenschaften e.V.*, 851 F.3d 1317, 1323 (Fed. Cir. 2017). Upon our review of the record, we find the District Court adequately considered the facts, and we are not left with a "definite and firm conviction that a mistake has been made."

*Rothschild*, 858 F.3d at 1387 (internal quotation marks and citation omitted).

### B. Unreasonable Manner and Other Considerations

The District Court also did not clearly err in considering the reasonableness of the manner in which Sarif litigated this case or any other circumstances of this case. Although Sarif modified its claim construction position from the PTAB to the District Court, the District Court correctly explained that

> [i]t can . . . be reasonable for a party to propose different constructions in PTAB and District Court proceedings, as the PTAB must give claims terms their "broadest reasonable construction," whereas District Courts give them the meaning they would have to a "person of ordinary skill in the art at the time of the invention."

*Sarif II*, 2016 WL 5422479, at *2 (citing *Cuozzo Speed Techs., LLC v. Lee*, 136 S. Ct. 2131, 2142 (2016)). Brainlab claims the District Court committed legal error because it did not consider whether this stated standard applies to a means-plus-function clause such as limitation (e). *See* Appellants' Br. 45–46 (citing *In re Donaldson Co.*, 16 F.3d 1189, 1194–95 (Fed. Cir. 1994) ("[T]he 'broadest reasonable interpretation' that an examiner may give means-plus-function language is that statutorily mandated in [35 U.S.C. § 112 ¶ 6].")). Brainlab fails to appreciate that claim construction for means-plus-function limitations is no different in terms of the standard used than for non-means-plus-function terms. *See In re Donaldson*, 16 F.3d at 1194 ("[O]ur holding [that § 112 ¶ 6 applies to means-plus-function terms regardless of forum] does not conflict with the principle that claims are to be given their 'broadest reasonable interpretation' during prosecution."). The District Court's reliance on the general legal principles of claim construction, therefore, was not misplaced.

Brainlab also has failed to demonstrate that Sarif's motivations and actions as a whole were improper. *See* Appellants' Br. 53–56. Although we have stated "that a pattern of litigation abuses characterized by the repeated filing of patent infringement actions for the sole purpose of forcing settlements, with no intention of testing the merits of one's claims, is relevant to a district court's exceptional[-]case determination under § 285," *SFA Sys.*, 793 F.3d at 1350, the District Court considered Brainlab's evidence and concluded Brainlab "ha[d] not demonstrated that this is a 'nuisance suit'" because "[Sarif]'s status as a non-practicing entity, the language of the press releases directed toward its investors, its decision to allege infringement against several other entities, and its decision to settle other cases, *do not combine* to establish that this case was always 'meritless' or 'predatory,'" *Sarif II*, 2016 WL 5422479, at *2 (emphasis added). Importantly, Sarif did not delay in its litigation tactics. For instance, the District Court acknowledged that Sarif disclaimed claims 10–11, soon after the PTAB instituted an inter partes review of those claims, and Sarif decided not to pursue those claims in the District Court litigation. *See id.* at *1. Moreover, Sarif stipulated to judgment of invalidity and noninfringement a mere six days after the District Court found claims 1–9 indefinite. *See* J.A. 983. In sum, the District Court did not abuse its discretion. *See SFA Sys.*, 793 F.3d at 1352 (finding no abuse of discretion where "[appellant] failed to proffer sufficient evidence of a pattern of litigation misconduct by [appellee]").

Brainlab claims the District Court erred "[b]y limiting itself to comparing Sarif's conduct only to the cases '*with which* [*the District Court*] *has been involved.*'" Appellants' Br. 49 (emphasis added) (quoting *Sarif II*, 2016 WL 5422479, at *3). As we have explained above, the District Court properly determined that this case is not exceptional, grounding its reasoning in the correct legal standards and a proper assessment of the facts. Therefore, we

decline Brainlab's invitation to find legal error "based upon [this] isolated statement stripped from its context." *Waymo LLC v. Uber Techs., Inc.*, 870 F.3d 1350, 1361 (Fed. Cir. 2017) (internal quotation marks and citation omitted).

CONCLUSION

We have considered Brainlab's remaining arguments and find them unpersuasive. Accordingly, the Order on Attorney Fees of the U.S. District Court for the District of Delaware is

**AFFIRMED**