(Slip Opinion) OCTOBER TERM, 2013 1

Syllabus

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## MEDTRONIC, INC. *v.* MIROWSKI FAMILY VENTURES, LLC

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

No. 12–1128.   Argued November 5, 2013—Decided January 22, 2014

Petitioner Medtronic, Inc., designs, makes, and sells medical devices. Respondent Mirowski Family Ventures, LLC, owns patents relating to implantable heart stimulators. They have a licensing agreement that permits Medtronic to practice certain Mirowski patents in exchange for royalty payments, and that specifies procedures to identify products covered by the license and to resolve disputes between the parties. Pursuant to those procedures, Mirowski notified Medtronic of its belief that several of Medtronic's products infringed the licensed patents, and Medtronic then challenged that assertion of infringement in a declaratory judgment action, while accumulating disputed royalties in an escrow account for distribution to the prevailing party. The District Court concluded that Mirowski, as the party asserting infringement, had the burden of proving infringement and that Mirowski had not met that burden. The Federal Circuit disagreed. It acknowledged that a patentee normally bears the burden of proof, but concluded that where the patentee is a declaratory judgment defendant and, like Mirowski, is foreclosed from asserting an infringement counterclaim by the continued existence of a licensing agreement, the party seeking the declaratory judgment, namely Medtronic, bears the burden of persuasion.

*Held:*

   1. The Federal Circuit did not lack subject-matter jurisdiction in this case. Title 28 U. S. C. §1338(a) gives federal district courts exclusive jurisdiction over "any civil action arising under any Act of Congress relating to patents," and §1295(a)(1) gives the Federal Circuit appellate jurisdiction over any case where jurisdiction in the district court "was based, in whole or in part, on section 1338." The De-

claratory Judgment Act does not "extend" the federal courts' "jurisdiction," *Skelly Oil Co.* v. *Phillips Petroleum Co.*, 339 U. S. 667, 671; and federal courts determining declaratory judgment jurisdiction often look to the "character" of the declaratory judgment *defendant*'s "threatened action," *Public Serv. Comm'n of Utah* v. *Wycoff Co.*, 344 U. S. 237, 248, *i.e.,* whether the defendant's hypothetical "coercive action" "would necessarily present a federal question," *Franchise Tax Bd. of Cal.* v. *Construction Laborers Vacation Trust for Southern Cal.*, 463 U. S. 1, 19. Here, if Medtronic had acted consistent with the understanding of its rights that it seeks to establish through the declaratory judgment suit (by ceasing to pay royalties), Mirowski could terminate the license and bring a suit for infringement. That suit would arise under federal patent law because "patent law creates the cause of action." *Christianson* v. *Colt Industries Operating Corp.*, 486 U. S. 800, 809. Thus, this declaratory judgment action, which avoids that hypothetical threatened action, also "arises under" federal patent law. See, *e.g., Security-First Nat. Bank of Los Angeles* v. *Franchise Tax Bd. of Cal.*, 368 U. S. 3, 19. Pp. 4–6.

2. When a licensee seeks a declaratory judgment against a patentee that its products do not infringe the licensed patent, the patentee bears the burden of persuasion on the issue of infringement. Pp. 6–11.

(a) This conclusion is strongly supported by three settled legal propositions: First, a patentee ordinarily bears the burden of proving infringement, see, *e.g., Agawam Co.* v. *Jordan*, 7 Wall. 583, 609; second, the "operation of the Declaratory Judgment Act" is only "procedural," *Aetna Life Ins. Co.* v. *Haworth*, 300 U. S. 227, 240, leaving "substantive rights unchanged," *Beacon Theatres, Inc.* v. *Westover*, 359 U. S. 500, 509; and third, "the burden of proof" is a "'substantive' aspect of a claim," *Raleigh* v. *Illinois Dept. of Revenue*, 530 U. S. 15, 20–21. Practical considerations lead to the same conclusion. Shifting the burden based on the form of the action could create postlitigation uncertainty about a patent's scope. It may also create unnecessary complexity by compelling a licensee to prove a negative. Finally, burden shifting is difficult to reconcile with the Declaratory Judgment Act's purpose of ameliorating the "dilemma" posed by "putting" one challenging a patent's scope "to the choice between abandoning his rights or risking" suit, *MedImmune, Inc.* v. *Genentech, Inc.*, 549 U. S. 118, 129. To the extent that the Federal Circuit's burden shifting rule makes the declaratory judgment procedure disadvantageous, that rule recreates the dilemma that the Declaratory Judgment Act sought to avoid. Pp. 6–9.

(b) Several arguments to the contrary are unconvincing. First, *Schaffer* v. *Weast*, 546 U. S. 49, which noted the "ordinary default

rule" that "plaintiffs" have the "risk of failing to prove their claims," does not support the Federal Circuit's conclusion. *Schaffer* was not a declaratory judgment case, and it described exceptions to its basic burden of proof rule. For reasons explained in this case, declaratory judgment suits like this one are an exception to *Schaffer*'s default rule. Second, the fact that the Federal Circuit limited its holding to the circumstance where a license forecloses an infringement counter-claim by a patentee cannot, by itself, show that the holding is legally justified. Third, contrary to one *amicus*' concern that this Court's holding will permit licensees to force patent holders into full-blown infringement litigation, such litigation can occur only when there is a genuine and sufficiently "immedia[te]" dispute about a patent's valid-ity or application, *MedImmune, supra,* at 127. Here, Mirowski set this dispute in motion by accusing Medtronic of infringement, and there is no convincing reason why burden of proof law should favor the patentee. General considerations relating to the public interest in maintaining a well-functioning patent system are, at most, in bal-ance, and do not favor changing the ordinary burden of proof rule. Pp. 9–11.

695 F. 3d 1266, reversed and remanded.

　BREYER, J., delivered the opinion for a unanimous Court.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

-------

No. 12–1128

-------

## MEDTRONIC, INC., PETITIONER *v.* MIROWSKI FAMILY VENTURES, LLC

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

[January 22, 2014]

JUSTICE BREYER delivered the opinion of the Court.

A patentee ordinarily bears the burden of proving infringement. *Agawam Co.* v. *Jordan*, 7 Wall. 583, 609 (1869). This case asks us to decide whether the burden of proof shifts when the patentee is a defendant in a declaratory judgment action, and the plaintiff (the potential infringer) seeks a judgment that he does *not* infringe the patent. We hold that, when a licensee seeks a declaratory judgment against a patentee to establish that there is no infringement, the burden of proving infringement remains with the patentee. We reverse the Federal Circuit's determination to the contrary.

I

A

We set forth a simplified version of the facts. The parties are Medtronic, Inc., a firm that (among other things) designs, makes, and sells medical devices, and Mirowski Family Ventures, LLC, a firm that owns patents relating to implantable heart stimulators. In 1991 Medtronic and Mirowski entered into an agreement permitting Medtronic to practice certain Mirowski patents in exchange for royalty

payments.

In less simplified form: Mirowski entered into a license agreement with Eli Lilly & Co., which then sublicensed the Mirowski patents to Medtronic. Guidant Corp. is Eli Lilly's successor in interest. For present purposes we shall ignore Eli Lilly, Guidant, and other parties on Mirowski's side, using "Mirowski" to refer to any and all of them.

The 1991 agreement also provided that, if Mirowski gave notice to Medtronic that a new Medtronic product "infringe[d]" a Mirowski patent, Medtronic had a choice. App. 13. Medtronic could simply "cure the nonpayment of royalties." *Ibid.* Or it could pay royalties and, at the same time, "challenge" the "assertion of infringement of any of the Mirowski patents through a Declaratory Judgment action." *Ibid.* Medtronic, of course, might just ignore the agreement and decide not to pay royalties at all, in which case Mirowski would have "the right to terminate the [l]icense," *ibid.*, and, if it wished, bring an infringement action.

In 2006 the parties entered into a further agreement that slightly modified the procedure for resolving disputes. If Medtronic, having received "timely written notice of infringement," chose to pursue a declaratory judgment action "challenging infringement," it could "accumulate disputed royalties" in an escrow account. *Id.,* at 24, 27. The prevailing party in the declaratory judgment action would receive the royalties. *Id.,* at 28.

In 2007 the parties found themselves in the midst of an "infringement" dispute. Mirowski gave Medtronic notice that it believed seven new Medtronic products violated various claims contained in two of its patents (related to devices that cause the heart's ventricles to contract simultaneously as the heart beats). Medtronic thought that its products did not infringe Mirowski's patents, either because the products fell outside the scope of the patent claims or because the patents were invalid.

## B

In 2007 Medtronic brought this declaratory judgment action in Federal District Court in Delaware. It sought a declaration that its products did not infringe Mirowski's patents and that the patents were invalid. But, as its agreement with Mirowski provided, Medtronic paid all the relevant royalties into an escrow account.

The District Court recognized that Mirowski was the defendant in the action. But it nonetheless believed that Mirowski, "[a]s the part[y] asserting infringement," bore the burden of proving infringement. *Medtronic, Inc.* v. *Boston Scientific Corp.*, 777 F. Supp. 2d 750, 766 (Del. 2011); see *Under Sea Industries, Inc.* v. *Dacor Corp.*, 833 F. 2d 1551, 1557 (CA Fed. 1987) ("The burden always is on the patentee to show infringement"). After a bench trial, the court found that Mirowski had not proved infringement, either directly or under the doctrine of equivalents. And since Mirowski, the patentee, bore the burden of proof, it lost. 777 F. Supp. 2d, at 767–770.

The Court of Appeals for the Federal Circuit considered the burden of proof question, and it came to the opposite conclusion. It held that Medtronic, the declaratory judgment plaintiff, bore the burden. It acknowledged that normally the patentee, not the accused infringer, bears the burden of proving infringement, and that the burden normally will not "shift" even when the patentee is "a counterclaiming defendant in a declaratory judgment action." 695 F. 3d 1266, 1272 (2012). Nonetheless, the Court of Appeals believed that a different rule applies where that patentee is a declaratory judgment defendant *and*, like Mirowski, that patentee/defendant is "foreclosed" from asserting an "infringement counterclaim" by the "continued existence of a license." *Id.,* at 1274. In that case, the Court of Appeals held, the party "seeking a declaratory judgment of noninfringement," namely Medtronic, "bears the burden of persuasion." *Ibid.*

Medtronic sought certiorari, asking us to review the Federal Circuit's burden of proof rule. In light of the importance of burdens of proof in patent litigation, we granted the petition.

II

We begin with a jurisdictional matter. An *amicus* claims that we must vacate the Federal Circuit's decision because that court lacked subject-matter jurisdiction. *Amicus* agrees with the parties that 28 U. S. C. §1338(a) gives federal district courts exclusive jurisdiction over "any civil action arising under any Act of Congress *relating to patents*" (emphasis added). Moreover, the version of §1295(a)(1) governing this appeal gives the Federal Circuit exclusive appellate jurisdiction over any case where jurisdiction in the district court "was based, in whole or in part, on section 1338." But, *amicus* says, in determining whether this case is a "civil action arising under" an "Act of Congress relating to patents," we must look to the nature of the action that the declaratory judgment defendant, namely the patentee, Mirowski, could have brought in the absence of a declaratory judgment. And that action, *amicus* adds (in its most significant argument against jurisdiction), would not be a patent infringement action but, rather, an action for damages for *breach of contract,* namely an action for breach of the Mirowski-Medtronic licensing contract, in which patent infringement is the central issue. See Brief for Tessera Technologies, Inc., as *Amicus Curiae* 2–3.

We agree with *amicus* that the Declaratory Judgment Act does not "extend" the "jurisdiction" of the federal courts. *Skelly Oil Co.* v. *Phillips Petroleum Co.*, 339 U. S. 667, 671 (1950). We also agree that federal courts, when determining declaratory judgment jurisdiction, often look to the "character of the threatened action." *Public Serv. Comm'n of Utah* v. *Wycoff Co.*, 344 U. S. 237, 248 (1952).

That is to say, they ask whether "a coercive action" brought by "the declaratory judgment defendant" (here Mirowski) "would necessarily present a federal question." *Franchise Tax Bd. of Cal.* v. *Construction Laborers Vacation Trust for Southern Cal.*, 463 U. S. 1, 19 (1983).

But we do not agree with *amicus*' characterization of the "threatened" or "coercive" action that Mirowski might have brought. The patent licensing agreement specifies that, if Medtronic stops paying royalties, Mirowski can terminate the contract and bring an ordinary patent infringement action. Such an action would arise under federal patent law because "federal patent law creates the cause of action." *Christianson* v. *Colt Industries Operating Corp.*, 486 U. S. 800, 809 (1988).

*Amicus* says that an infringement suit would be unlikely. But that is not the relevant question. The relevant question concerns the nature of the threatened action in the absence of the declaratory judgment suit. Medtronic believes—and seeks to establish in this declaratory judgment suit—that it does not owe royalties because its products are noninfringing. If Medtronic were to act on that belief (by not paying royalties and not bringing a declaratory judgment action), Mirowski could terminate the license and bring an ordinary federal patent law action for infringement. See Brief for Respondent 48 (acknowledging that if Medtronic had "chosen not to pay the royalties . . . it would have subjected itself to a suit for infringement"). Consequently this declaratory judgment action, which avoids that threatened action, also "arises under" federal patent law. See *Franchise Tax Bd.*, *supra*, at 19; *Wycoff Co.*, *supra*, at 248. See also *MedImmune, Inc.* v. *Genentech, Inc.*, 549 U. S. 118, 128 (2007) (concluding that Article III's case-or-controversy requirement was satisfied where a patent licensee faced the threat of suit if it ceased making payments under a license agreement, notwithstanding that the licensee's continued royalty pay-

ments rendered the prospect of such a suit "remote, if not nonexistent").

For this reason we believe that the hypothetical threatened action is properly characterized as an action "arising under an Act of Congress relating to patents."  28 U. S. C. §1338(a).

## III

We now turn to the question presented.  A patent licensee paying royalties into an escrow account under a patent licensing agreement seeks a declaratory judgment that some of its products are not covered by or do not infringe the patent, and that it therefore does not owe royalties for those products.  In that suit, who bears the burden of proof, or, to be more precise, the burden of persuasion?  Must the patentee prove infringement or must the licensee prove noninfringement?  In our view, the burden of persuasion is with the patentee, just as it would be had the patentee brought an infringement suit.

## A

Simple legal logic, resting upon settled case law, strongly supports our conclusion.  It is well established that the burden of proving infringement generally rests upon the patentee.  See, *e.g., Imhaeuser* v. *Buerk*, 101 U. S. 647, 662 (1880) ("[T]he burden to prove infringement never shifts [to the alleged infringer] if the charge is denied in the plea or answer"); *Agawam Co.*, 7 Wall., at 609 ("Infringement is an affirmative allegation made by the complainant, and the burden of proving it is upon him . . .").  See also *Under Sea Industries*, 833 F. 2d, at 1557 ("The burden always is on the patentee to show infringement"); 5B Chisum §18.06[1][a], at 18–1180 (2007) ("[T]he burden of proof on factual issues relating to infringement rests upon the patent owner").

We have long considered "the operation of the Declara-

tory Judgment Act" to be only "procedural," *Aetna Life Ins. Co.* v. *Haworth*, 300 U. S. 227, 240 (1937), leaving "substantive rights unchanged," *Beacon Theatres, Inc.* v. *Westover*, 359 U. S. 500, 509 (1959). See also *Vaden* v. *Discover Bank*, 556 U. S. 49, 70, n. 19 (2009); *Skelly Oil Co.*, 339 U. S., at 674 (noting the "limited procedural purpose of the Declaratory Judgment Act").

And we have held that "the burden of proof" is a "'substantive' aspect of a claim." *Raleigh* v. *Illinois Dept. of Revenue*, 530 U. S. 15, 20–21 (2000); *Director, Office of Workers' Compensation Programs* v. *Greenwich Collieries*, 512 U. S. 267, 271 (1994) ("[T]he assignment of the burden of proof is a rule of substantive law . . ."); *Garrett* v. *Moore-McCormack Co.*, 317 U. S. 239, 249 (1942) ("[T]he burden of proof . . . [is] part of the very substance of [the plaintiff's] claim and cannot be considered a mere incident of a form of procedure").

Taken together these three legal propositions indicate that, in a licensee's declaratory judgment action, the burden of proving infringement should remain with the patentee.

Several practical considerations lead to the same conclusion. To shift the burden depending upon the form of the action could create postlitigation uncertainty about the scope of the patent. Suppose the evidence is inconclusive, and an alleged infringer loses his declaratory judgment action because he failed to prove noninfringement. The alleged infringer, or others, might continue to engage in the same allegedly infringing behavior, leaving it to the patentee to bring an infringement action. If the burden shifts, the patentee might *lose* that action because, the evidence being inconclusive, he failed to prove infringement. So, both sides might lose as to infringement, leaving the infringement question undecided, creating uncertainty among the parties and others who seek to know just what products and processes they are free to use.

The example is not fanciful.  The Restatement (Second) of Judgments says that relitigation of an issue (say, infringement) decided in one suit "is not precluded" in a subsequent suit where the burden of persuasion "has shifted" from the "party against whom preclusion is sought . . . to his adversary."  Restatement (Second) of Judgments §28(4) (1980).  Rather, the

> "[f]ailure of one party to carry the burden of persuasion on an issue should not establish the issue in favor of an adversary who otherwise would have the burden of persuasion on that issue in later litigation."  18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure §4422, p. 592 (2d ed. 2002).

Thus the declaratory judgment suit in the example above would have failed to achieve its object: to provide "an immediate and definitive determination of the legal rights of the parties." *Aetna, supra,* at 241.

Moreover, to shift the burden can, at least on occasion, create unnecessary complexity by making it difficult for the licensee to understand upon just what theory the patentee's infringement claim rests.  A complex patent can contain many pages of claims and limitations.  A patent holder is in a better position than an alleged infringer to know, and to be able to point out, just where, how, and why a product (or process) infringes a claim of that patent.  Until he does so, however, the alleged infringer may have to work in the dark, seeking, in his declaratory judgment complaint, to negate every conceivable infringement theory.

Finally burden shifting here is difficult to reconcile with a basic purpose of the Declaratory Judgment Act.  In *MedImmune, Inc.* v. *Genentech, Inc.*, a case that similarly concerned a patent licensee that brought a declaratory judgment action after the patentee accused it of infringement, we wrote that the "'very purpose'" of that Act is to

"'ameliorate'" the "dilemma" posed by "putting" one who challenges a patent's scope "to the choice between abandoning his rights or risking" suit. 549 U. S., at 129 (quoting *Abbott Laboratories* v. *Gardner*, 387 U. S. 136, 152 (1967)). In the absence of the declaratory judgment procedure, Medtronic would face the precise dilemma that *MedImmune* describes. Either Medtronic would have to abandon its right to challenge the scope of Mirowski's patents, or it would have to stop paying royalties, risk losing an ordinary patent infringement lawsuit, and thereby risk liability for treble damages and attorney's fees as well as injunctive relief. See 35 U. S. C. §§283–285 (providing for injunctive relief, treble damages, and—in "exceptional cases"—attorney's fees as remedies for patent infringement). As in *MedImmune*, the declaratory judgment action rescues Medtronic from this dilemma.

The Federal Circuit's burden shifting rule does not deprive Medtronic of the right to seek a declaratory judgment. But it does create a significant obstacle to use of that action. It makes the declaratory judgment procedure— compared to, say, just refusing to pay royalties—disadvantageous. To that extent it recreates the dilemma that the Declaratory Judgment Act sought to avoid. As we have made clear (and as we explain below), we are unaware of any strong reason for creating that obstacle.

## B

We are not convinced by the arguments raised to the contrary. First, the Federal Circuit thought it had found support in a recent case of this Court, *Schaffer* v. *Weast*, 546 U. S. 49 (2005). In that case we referred to the "ordinary default rule" as placing upon the "plaintiffs" the "risk of failing to prove their claims." *Id.,* at 56. We added that that is because the plaintiffs are normally the parties "seeking relief." *Id.,* at 58. And Medtronic, not Mirowski, is the declaratory judgment "plaintif[f]" here.

*Schaffer*, however, was not a declaratory judgment case. And *Schaffer* described exceptions to its basic burden of proof rule. *E.g., id.,* at 57 (when an element of a claim "can fairly be characterized as [an] affirmative defens[e]," the burden of proof "may be shifted to [the] defendants"); *id.,* at 60 ("'[T]he ordinary rule, based on considerations of fairness, does not place the burden upon a litigant of establishing facts peculiarly within the knowledge of his adversary'" (quoting *United States* v. *New York, N. H. & H. R. Co.*, 355 U. S. 253, 256, n. 5 (1957)). For the reasons we have set forth in Part III–A, *supra*, declaratory judgment suits like the one at issue here constitute a further exception to the basic rule *Schaffer* described.

Second, the Federal Circuit emphasized that its holding applied only in "the limited circumstance when an infringement counterclaim by a patentee is foreclosed by the continued existence of a license." 695 F. 3d, at 1274. The fact that the Federal Circuit's opinion is limited, however, does not support its conclusion. The "limited circumstance" it described is often present when a patent licensee faces an ordinary but disputed claim of infringement. And that "circumstance" is virtually identical to *MedImmune*, where we found a declaratory judgment action constitutionally permissible. In any event, the fact that a rule's scope is limited cannot, by itself, show that the rule is legally justified.

Third, an *amicus* supporting Mirowski fears that our holding, unlike the Federal Circuit's rule, will "burden . . . patent owners" by permitting "a licensee . . . —at its sole discretion—[to] force the patentee into full-blown patent-infringement litigation." Brief for Intellectual Property Owners Association as *Amicus Curiae* 9. The short answer to this argument, however, is that litigation can occur only in the presence of a genuine dispute, "'of sufficient immediacy and reality,'" about the patent's validity or its application. *MedImmune, supra*, at 127 (quoting

*Maryland Casualty Co.* v. *Pacific Coal & Oil Co.*, 312 U. S. 270, 273 (1941)). Indeed, it was Mirowski that set the present dispute in motion by accusing Medtronic of infringement. And in such an instance, we see no convincing reason why burden of proof law should favor the patentee.

The public interest, of course, favors the maintenance of a well-functioning patent system. But the "public" also has a "paramount interest in seeing that patent monopolies . . . are kept within their legitimate scope." *Precision Instrument Mfg. Co.* v. *Automotive Maintenance Machinery Co.*, 324 U. S. 806, 816 (1945). A patentee "should not be . . . allowed to exact royalties for the use of an idea . . . that is beyond the scope of the patent monopoly granted." *Blonder-Tongue Laboratories, Inc.* v. *University of Ill. Foundation*, 402 U. S. 313, 349–350 (1971). And "[l]icensees may often be the only individuals with enough economic incentive" to litigate questions of a patent's scope. *Lear, Inc.* v. *Adkins*, 395 U. S. 653, 670 (1969). The general public interest considerations are, at most, in balance. They do not favor a change in the ordinary rule imposing the burden of proving infringement upon the patentee.

For these reasons the judgment of the Federal Circuit is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*