NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SYNQOR, INC.,**
*Plaintiff-Appellant*

v.

**ARTESYN TECHNOLOGIES, INC., ASTEC AMERICA, INC., BEL FUSE, INC., MURATA ELECTRONICS NORTH AMERICA, INC., MURATA MANUFACTURING CO., LTD., MURATA POWER SOLUTIONS INC., AND POWER-ONE, INC.,**
*Defendants-Appellees*

---

2014-1459

---

Appeal from the United States District Court for the Eastern District of Texas in No. 2:11-cv-00444-MHS-CMC, Judge Michael H. Schneider.

---

Decided: December 16, 2015

---

CONSTANTINE L. TRELA, JR., Sidley Austin LLP, Chicago, IL, argued for plaintiff-appellant. Also represented by THOMAS D. REIN, TACY FLETCHER FLINT, ROBERT N. HOCHMAN, STEPHANIE P. KOH, BRYAN C. MULDER; MICHAEL D. HATCHER, Dallas, TX.

ALBERT BERTON DEAVER, JR., Sutton McAughan Deaver PLLC, Houston, TX for defendants-appellees Artesyn Technologies, Inc. and Astec America, Inc.

STEVEN NELSON WILLIAMS, McDole Williams, Dallas, TX for defendant-appellee Bel Fuse, Inc.

JOHN C. O'QUINN, Kirkland & Ellis LLP, Washington, DC, for defendants-appellees Murata Electronics North America, Inc., Murata Manufacturing Co., Inc., and Murata Power Solutions Inc. Also represented by JASON M. WILCOX, STEVEN CHERNY, New York, NY.

BRIAN BERLINER, O'Melveny & Myers LLP, Los Angeles, CA for defendant-appellee Power-One, Inc. Also represented by SUSAN ROEDER, Menlo Park, CA.

---

Before LOURIE, MOORE, and REYNA, *Circuit Judges.*

REYNA, *Circuit Judge.*

SynQor, Inc. ("SynQor") appeals a district court judgment of non-infringement for infringing acts it claimed occurred after entry of a permanent injunction. After a bench trial on supplemental damages, the district court determined that Artesyn Technologies, Inc. and Astec America, Inc. (together, "Astec") were not liable for inducing Juniper Networks, Inc.'s ("Juniper") infringement.[1] Finding no direct infringement, the district court declined

---

[1]    Subsequent to oral argument before this Court on March 2, 2015, the parties settled the allegations involving non-party Cisco, Inc.'s ("Cisco") direct infringement. Dkt. Nos. 106, 107. As a result, this opinion addresses the remaining issues involving non-party Juniper's direct infringement.

to find willful infringement, or that the case was exceptional for purposes of attorney's fees and costs. Because the district court did not err in finding that Juniper did not directly infringe the patents-in-suit following entry of the permanent injunction, the district court was correct in its determination that Astec was not liable for willfulness and exceptionality. Accordingly, we *affirm*.[2]

## BACKGROUND

SynQor manufactures and markets power converters called "bus converters." J.A. 56866–79. Bus convertors are high-efficiency DC-DC power converters that draw power from a DC voltage source and convert the power to a lower DC voltage. The bus converters at issue are used as components in computer systems and equipment for telecommunication and data communication. SynQor owns several patents on this technology.

Astec also manufactures and markets bus converters. The bus converters are manufactured overseas and sold to U.S. and foreign customers. Astec's U.S. customers include Cisco and Juniper. Cisco and Juniper are not parties to this action.

SynQor filed suit in district court ("*SynQor I")* against several bus-converter manufacturers, including Astec, for induced infringement of five U.S. patents. On December 21, 2010, a jury found Astec liable for inducing Cisco's infringement and Juniper's infringement. J.A. 56406–67.

On January 24, 2011, the district court issued a permanent injunction against Astec. J.A. 56886–92. The district court also awarded damages for induced infringement for the period running post-verdict until entry of the permanent injunction. J.A. 57843–49.

---

[2] We express no view on the issues raised by SynQor involving Cisco's direct infringement.

The permanent injunction prohibited Astec from supplying infringing bus converters to Juniper and Cisco for use in the manufacture of products sold in the United States. J.A. 56892. The permanent injunction preserved Astec's ability to sell accused bus converters to its foreign customers, provided that the bus converters, or any finished products that incorporated the infringing bus converters, were accompanied by a notice stating that the bus converters were subject to a permanent injunction that precluded their sale, use, or importation into the United States. J.A. 56891.

Prior to the entry of the permanent injunction, Juniper agreed in writing not to import Astec's infringing bus converters into the United States. By the time the district court issued the permanent injunction, Juniper had implemented procedures to help ensure infringing converters were not imported into the United States. J.A. 23, 41, 9951–53.

Following entry of the permanent injunction, Astec filed an emergency motion in this Court, seeking to stay the injunction. J.A. 10588. This Court issued an order imposing a temporary stay of the permanent injunction so that it could fully consider the motion for a permanent stay. J.A. 56992, 56996.

During the temporary stay of the permanent injunction, Astec and Juniper entered into an agreement whereby Astec agreed to supply bus convertors to Juniper in a volume consistent with Juniper's inventory forecasts. In turn, Juniper agreed to indemnify Astec against liability for infringement.

On April 11, 2011, this Court ordered a partial stay of the permanent injunction as to sales to Cisco, which permitted Cisco to ship to the United States for a limited period of time infringing bus converters supplied by Defendants. J.A. 52216. The Court denied a partial stay of the permanent injunction as to sales to Juniper, which

kept the permanent injunction in place against Juniper. J.A. 52215.

SynQor moved the district court for supplemental damages for infringement occurring after October 31, 2010. On July 11, 2011, the district court awarded supplemental damages for the period of November 1, 2010, to the entry of the permanent injunction, January 24, 2011. J.A. 57693–95. The district court also awarded enhanced damages upon a finding of willful conduct.

After resolving pre-injunction damages, the district court severed SynQor's claims for post-injunction supplemental relief, resulting in *SynQor II*. J.A. 57694. The parties later appealed the final judgment in *SynQor I*, and this Court affirmed. *SynQor II*, the subject of this appeal, culminated in a four-day bench trial. On March 31, 2014, the district court entered final judgment on supplemental damages. The district court determined that Juniper did not directly infringe the patents-in-suit after entry of the permanent injunction, that Astec's post-injunction actions were not willful, and that the case was not exceptional.

SynQor appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

In cases involving a bench trial, we review the district court's conclusions of law de novo, and its findings of fact for clear error. *Allergan, Inc. v. Sandoz Inc.*, 796 F.3d 1293, 1303 (Fed. Cir. 2015); Fed. R. Civ. P. 52(a)(6). A factual finding is clearly erroneous if, despite some supporting evidence, we are left with the definite and firm conviction that a mistake occurred. *Ferring B.V. v. Watson Labs., Inc.-Fla.*, 764 F.3d 1401, 1406 (Fed. Cir. 2014) (citations omitted). A district court has broad discretion in determining witness credibility, and we give great deference to those determinations. *Energy Capital Corp. v. United States*, 302 F.3d 1314, 1329 (Fed. Cir. 2002); *see*

*also Polaroid Corp. v. Eastman Kodak Co.*, 789 F.2d 1556, 1559 (Fed. Cir. 1986) ("The burden of overcoming the district court's factual findings is, as it should be, a heavy one.").

SynQor challenges three distinct findings of the district court: that Juniper did not directly infringe post-injunction, that Astec did not willfully infringe post-injunction, and that case was not exceptional.

SynQor argues that the evidence supports a finding of direct infringement by Juniper because Astec's sales to Juniper were consistent with Juniper's inventory forecast for the two quarters following the permanent injunction. SynQor argues that, because there is no evidence that Juniper had replacement converters available for its U.S.-bound products, Astec's convertors necessarily must have been shipped to the United States. In addition, SynQor argues that the indemnification agreement entered into by Astec and Juniper is evidence of intent to infringe.

Astec's witness John Groves testified that Juniper had multiple sources for its converters and that Juniper used the other sources for its U.S.-bound products. Thus, Juniper was able to meet its inventory forecasts without necessarily relying on Astec bus converters to meet U.S. sales because Juniper could have used bus converters supplied by other parties. While Astec acknowledges that the indemnity agreement protected Astec should Juniper intentionally, negligently, or accidentally import Astec bus converters, there is no evidence that such importations occurred.

The district court found Mr. Groves's testimony credible. J.A. 23, 9820, 9824. In addition, the district court found that SynQor had failed to rebut Mr. Groves's testimony or to otherwise present evidence that Astec bus convertors supplied to Juniper were sold (imported) in the United States. J.A. 23. As such, the district court found that Juniper did not directly infringe SynQor's asserted

patents during the period subsequent to the entry of the permanent injunction.

We agree with the district court. First, we defer to the district court's determinations about the credibility of the evidence produced by Astec's witness, especially in consideration that SynQor offered no compelling reasons to the contrary. *Senju Pharm. Co. v. Lupin Ltd.*, 780 F.3d 1337, 1351 (Fed. Cir. 2015) ("Ordinarily, and absent compelling reason otherwise, an appellate court defers to such credibility determinations."). Second, we find no evidence in the record that Juniper shipped Astec bus converters to the United States. To the contrary, the record reflects that both Astec and Juniper took reasonable steps to ensure that bus converters supplied by Astec to Juniper did not enter the U.S. market.

The burden to prove infringement rests with the patentee who must prove infringement by a preponderance of the evidence. *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S. Ct. 843, 846 (2014); *Ferring*, 764 F.3d at 1408. SynQor failed to meet that burden because it failed to produce evidence that Juniper imported Astec supplied bus convertors into the United States subsequent to the entry of the permanent injunction.

Having resolved the underlying issue of direct infringement in favor of Astec, the district court was correct to determine that Astec did not engage in willful infringement and that the case is not exceptional as to Astec. We hold that the district court's infringement decision was not clearly erroneous. As a result, the district court's decision is *affirmed*.

**AFFIRMED**

COSTS

Each party shall bear its own costs.