**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMERIPRISE FINANCIAL SERVICES INCORPORATED, subsidiary of Ameriprise Financial Incorporated,<br><br>    Plaintiff-counter-<br>        defendant-Appellee,<br><br>  v.<br><br>IJEAMAKA EKWEANI, Wife; HENRY EKWEANI, Husband,<br><br>    Defendants-counter-<br>        claimants-Appellants. | Nos.   15-15866<br>          15-16417<br><br>D.C. No. 2:14-cv-00935-DGC<br><br><br>MEMORANDUM[*] |

Appeals from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted March 8, 2017[**]

Before:    LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

In these consolidated appeals, Ijeamaka and Henry Ekweani appeal pro se

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes these cases are suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

from the district court's summary judgment and order granting attorney's fees in Ameriprise Financial Services, Inc.'s ("AFSI") declaratory judgment action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *N. Cty. Commc'ns Corp. of Ariz. v. Qwest Corp.*, 824 F.3d 830, 836 (9th Cir. 2016). We affirm.

The district court properly granted summary judgment for AFSI and entered a declaratory judgment because AFSI demonstrated the Ekweanis' knowledge of an existing right to arbitrate, acts inconsistent with that right, and prejudice to AFSI. *See Martin v. Yasuda*, 829 F.3d 1118, 1124 (9th Cir. 2016) (a party seeking to prove waiver of a right to arbitration must demonstrate knowledge of an existing right to compel arbitration, acts inconsistent with that existing right, and prejudice to the opposing party).

Contrary to the Ekweanis' contentions, the district court had subject matter jurisdiction over this action because the "underlying substantive controversy" involved arbitration of Title VII and 42 U.S.C. § 1981 claims. *Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009); *see also Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S. Ct. 843, 848 (2014) (when determining declaratory judgment jurisdiction, courts must look to "whether a coercive action brought by the declaratory judgment defendant . . . would necessarily present a federal

question" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in awarding $25,000 in attorney's fees because the district court considered each of the factors set forth in *Associated Indemnity Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985) (in banc). *See Med. Protective Co. v. Pang*, 740 F.3d 1279, 1282 (9th Cir. 2013) (standard of review).

AFSI's request for attorney's fees, set forth in its answering brief in Appeal No. 15-16417, is denied.

**15-15866: AFFIRMED.**

**15-16417: AFFIRMED.**