**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6620**

JEFFREY COHEN,

Petitioner - Appellant,

v.

ROD ROSENSTEIN, United States Attorney; HARRY GRUBER, Assistant United States Attorney; JOYCE MCDONALD, Assistant United States Attorney; KALLIOPI TSERKIS-MULLINS, Postal Inspector, USPIS; JASON BENDER, Special Agent, FBI,

Respondents - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen L. Hollander, District Judge.  (1:16-cv-01346-ELH)

Submitted:  January 31, 2020                          Decided:  February 6, 2020

Before NIEMEYER, WYNN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jeffrey Brian Cohen, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Cohen appeals the district court's orders dismissing his civil action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (2018) and denying his postjudgment motion.[1] On appeal, Cohen argues that the district court procedurally erred in granting Appellees' motion to dismiss without first considering his amended complaint. He also argues that the district court abused its discretion in denying his postjudgment motion, which sought to vacate the dismissal order and permit the action to proceed on the amended complaint. Finding no reversible error, we affirm.

We review the dismissal of an action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) de novo and the denial of a Rule 59(e) motion or a Fed. R. Civ. P. 60(b) motion for abuse of discretion. *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (§ 1915(e)(2)(B)(ii) dismissal); *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011) (en banc) (Rule 60(b) motion); *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010) (Rule 59(e) motion). "A district court abuses its discretion if it relies on an error of law or a clearly erroneous factual finding." *United States ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 912 F.3d 731, 735 (4th Cir. 2019) (internal quotation marks omitted).

---

[1] Although Cohen did not clearly identify both of these orders in his notice of appeal, *see* Fed. R. App. P. 3(c)(1)(B), we find the notice of appeal adequate to establish our jurisdiction over both orders, *see Clark v. Cartledge*, 829 F.3d 303, 305 (4th Cir. 2016); *Bogart v. Chapell*, 396 F.3d 548, 555 (4th Cir. 2005). Further, because—as explained below—we conclude that Cohen's postjudgment motion is properly construed as a timely Fed. R. Civ. P. 59(e) motion, the notice of appeal is timely as to both orders. *See* Fed. R. App. P. 4(a)(1)(B), (4)(A)(iv).

Cohen principally asserts that he timely filed his amended complaint, pursuant to *Houston v. Lack*, 487 U.S. 266 (1988) (prison mailbox rule), on August 5, 2018, within the time to respond to Appellees' motion to dismiss established by the court's *Roseboro*[2] notice. He also asserts that the court misconstrued his postjudgment motion as a Rule 60(b) motion, rather than a Rule 59(e) motion, and abused its discretion in denying his request to proceed on the amended complaint.

The undisputed evidence of record—specifically, Cohen's unsworn declaration under penalty of perjury, *see* 28 U.S.C. § 1746 (2018)—indicates that Cohen's amended complaint should be deemed filed under *Houston* on August 5, 2018, and his postjudgment motion should be deemed filed under *Houston* on August 9, 2018. Thus, Cohen is correct in asserting that his amended complaint was filed before the *Roseboro* period expired on August 6, 2018, and before the district court entered its dismissal order and judgment on August 7, 2018. Cohen also is correct in asserting that his postjudgment motion was filed within 28 days of the entry of judgment and, thus, was properly construed as a Rule 59(e) motion. *See* Fed. R. Civ. P. 59(e) (providing 28-day filing period); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277 (4th Cir. 2008) ("[I]f a post-judgment motion is filed within [the time period prescribed by Rule 59(e)] and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled." (internal quotation marks omitted)). Further, although the court concluded that Cohen's proposed amended claims could be considered in a separate civil action newly

---

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

opened under a different case number, review of those actions reveals that the amended complaint at issue in this appeal and the complaint docketed in the new action are, in fact, distinct documents raising separate claims for relief against separate groups of defendants based on separate sets of facts.

Nevertheless, "we may affirm on any grounds supported by the record, notwithstanding the reasoning of the district court." *Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 75 n.13 (4th Cir. 2016). Although Cohen's complaint is deemed filed within the *Roseboro* period, his own account reveals that it was filed, under *Houston*, well outside the July 23, 2018, deadline to amend the complaint as of right. *See* Fed. R. Civ. P. 15(a)(1). Thus, Cohen would have been required to obtain the court's leave to amend his pleading. *See* Fed. R. Civ. P. 15(a)(2).

Although leave to amend should be "freely give[n] when justice so requires," Fed. R. Civ. P. 15(a)(2), "[a] district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010). "A proposed amendment is futile when it is clearly insufficient or frivolous on its face," or "if the claim it presents would not survive a motion to dismiss." *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019) (internal quotation marks omitted).

We conclude that Cohen's proposed amended complaint would be futile. The actions Cohen seeks to challenge under the Administrative Procedure Act, 5 U.S.C. §§ 701-706 (2018) (APA), are not "final agency actions" giving rise to judicial review under

4

5 U.S.C. § 704.  *See*  5 U.S.C. §§ 551(10)-(13), 701(b)(2) (2018); *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997); *Vill. of Bald Head Island v. U.S. Army Corps of Eng'rs*, 714 F.3d 186, 193 (4th Cir. 2013).  And, Cohen's claim under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 (2018) (DJA), provides no independent substantive basis for relief.  *See Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 571 U.S. 191, 199 (2014); *CGM, LLC v. BellSouth Telecomms., Inc.*, 664 F.3d 46, 55-56 (4th Cir. 2011).  Because Cohen's amended complaint failed to state any cognizable claim for relief, we find no reversible error in the district court's dismissal of the action or its rejection of Cohen's postjudgment motion.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*