NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MEDTRONIC INC.,**
*Plaintiff-Cross-Appellant,*

**v.**

**BOSTON SCIENTIFIC CORPORATION** AND **GUIDANT CORPORATION,**
*Defendants,*

AND

**MIROWSKI FAMILY VENTURES, LLC,**
*Defendant-Appellant.*

---

2011-1313, -1372

---

Appeals from the United States District Court for the District of Delaware in No. 07-CV-0823, Judge Sue L. Robinson.

---

Decided: March 11, 2014

---

MARTIN R. LUECK, Robins, Kaplan, Miller & Ciresi L.L.P., of Minneapolis, Minnesota, for plaintiff-cross-appellant. With him on the brief were JAN M. CONLIN and STACIE E. OBERTS.

ARTHUR I. NEUSTADT, Oblon, Spivak, McClelland, Maier & Neustadt, LLP, of Alexandria, Virginia, for defendant-appellant. With him on the brief were THOMAS J. FISHER and JOHN F. PRESPER.

———————————

Before LOURIE, LINN, and PROST, *Circuit Judges.*

LINN, *Circuit Judge*

This case is before us on remand from the Supreme Court. In a declaratory judgment action in which the defendant-patentee is precluded from pursuing infringement counterclaims by the continued existence of a license to the plaintiff, we previously held on appeal that the district court in the limited circumstances of this case erred in allocating the burden of persuasion to the patentee and remanded for reconsideration of the infringement question with the burden allocated to the declaratory judgment plaintiff. *Medtronic, Inc.* v. *Boston Scientific Corp.*, 695 F.3d 1266, 1274–75 (2012) ("*Medtronic I*"). On cross-appeal, we held that the district court incorrectly construed the claim terms in question and remanded for reconsideration of the claims' validity in light of the correct constructions. *Id.* at 1275–76. Without reviewing or disturbing this court's claim construction ruling, the Supreme Court reversed with respect to the burden of persuasion, holding that the burden falls on the patentee. *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S.Ct. 843, 850–851 (2014) ("*Medtronic II*"). The Court then remanded the case to us for further proceedings consistent with its opinion. We now affirm the district court's determination of noninfringement, reiterate our vacatur of the district court's determination of no invalidity, and remand.

## I. DECISION ON NONINFRINGEMENT

The facts of this case were recited in detail in this court's previous opinion and need not be repeated. *Medtronic I*, 695 F.3d at 1269–71. At the district court, Medtronic served the report of its noninfringement expert, Dr. Charles Love ("Love"), and MFV subsequently served the report of its infringement expert, Dr. Ronald Berger ("Berger"). Berger's report largely was responsive to Love's report, and Berger admitted that he did not expressly map the Medtronic products in question to every limitation of the relevant claims. *Medtronic, Inc. v. Boston Scientific Corp.,* 777 F. Supp. 2d 750, 768–69 (D. Del. 2011) ("*Opinion*").

At the conclusion of a bench trial, the district court "determined that defendants, as patentees, have the burden to prove infringement." *Id.* at 767. The Supreme Court has now held that the district court was correct in looking to the patentee to carry that burden. In assessing whether the patentee carried its burden, the district court found that Berger's infringement opinions lacked sufficient foundation because of his failure to consider "each limitation of each asserted claim in comparison to each accused product before rendering his infringement opinions," and that MFV "failed to prove literal infringement by a preponderance of the evidence." *Id.* at 769. The court also found Berger's report and testimony conclusory and insufficient to show that the products infringe the patents under the doctrine of equivalents. *Id.* at 769–70.

With respect to literal infringement, the issue is not whether Dr. Berger's report mentions a "sense amplifier" in some capacity in his report, but rather whether the district court abused its discretion in concluding that Berger's report lacked foundation sufficient to deem him a reliable infringement expert. MFV "relied primarily on [its] burden-shifting view of the case," in which there was "no need for Dr. Berger to concentrate on claim elements

that Medtronic did not dispute." *Opinion* at 767, 767 n.10. This left the district court the task of reviewing Dr. Berger's report for the sufficiency of MFV's infringement analysis in order to make an infringement determination based on the appropriate evidence. In reviewing Berger's report, the district court selected his analysis of claim 15 of the '987 patent "as an example of the issue at bar." *Id.* at 768. The district court was unable to locate any reference to this claim's "sense amplifier" limitation and found that "[o]nly vague perfunctory language potentially covers *the remaining elements of asserted claims.*" *Id.* at 769 (emphasis added). Concluding that Dr. Berger was an unreliable infringement expert on this record was not an abuse of discretion.

This court agrees with the district court that Medtronic's noninfringement contentions based on certain elements alleged to be missing from its devices do not relieve Dr. Berger of the requirement to opine on the presence of structure meeting every claim limitation, nor was it incumbent on the district court to scour the record for whatever other evidence may have supported MFV's infringement position. *Id.* Having determined that Dr. Berger's opinion lacked foundation, the district court was correct to conclude that MFV failed to prove literal infringement by a preponderance of the evidence. *Id.*

With respect to infringement under the doctrine of equivalents, we again agree with the district court that Berger's opinion was unreliable. The district court correctly noted that conclusory statements are insufficient to support a verdict finding infringement under the doctrine of equivalents, *id.* at 769, and that Dr. Berger's doctrine of equivalents report and testimony failed "to execute proper doctrine of equivalents analysis" by relying merely on statements that "'[t]he difference would not be substantial at all. The purpose is the same . . . ,' or words of a very similar nature," *id.* at 770. Having excluded Dr. Berger's opinion, the district court was correct to conclude that

MFV failed to prove infringement of the doctrine of equivalents by a preponderance of the evidence. For these reasons, we affirm the district court's noninfringement decision.

## II. DECISION ON MEDTRONIC'S CROSS-APPEAL

The Supreme Court's decision did not disturb this court's previous decision on Medtronic's cross-appeal, which held that the district court erred by restricting the claimed invention to the treatment of congestive heart failure, vacated the determination of no invalidity predicated on the improper claim construction, and remanded for further proceedings. *Medtronic I* at 1276. This previous decision remains in effect.

## III. CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed in part and vacated in part. The case is remanded for additional proceedings consistent with this opinion and this court's previous decision in *Medtronic I* on Medtronic's cross-appeal.

**AFFIRMED-IN-PART, VACATED-IN-PART AND REMANDED**

## IV. COSTS

Each party to bear its own costs.