NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MEDTRONIC, INC.,**
*Plaintiff-Cross-Appellant*

**v.**

**MIROWSKI FAMILY VENTURES, LLC,**
*Defendant-Appellant*

**v.**

**BOSTON SCIENTIFIC CORPORATION, GUIDANT CORPORATION,**
*Defendants-Cross-Appellants*

---

2015-1996, 2015-2074, 2015-2075

---

Appeals from the United States District Court for the District of Delaware in No. 1:07-cv-00823-SLR, Judge Sue L. Robinson.

---

Decided: April 4, 2017

---

MARTIN RICHARD LUECK, Robins Kaplan LLP, Minneapolis, MN, argued for plaintiff-cross-appellant.

ARTHUR IRWIN NEUSTADT, Oblon, McClelland, Maier & Neustadt, LLP, Alexandria, VA, argued for defendant-appellant. Also represented by THOMAS FISHER, JOHN PRESPER.

J. MICHAEL JAKES, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Washington, DC, argued for defendants-cross-appellants.

_____

Before REYNA, LINN, and WALLACH, *Circuit Judges.*

REYNA, *Circuit Judge.*

Mirowski Family Ventures, LLC appeals a final decision of the United States District Court for the District of Delaware, arguing that the district court erred by holding Mirowski Family Ventures liable for Medtronic, Inc.'s attorney fees pursuant to a contractual fee-shifting provision. Mirowski Family Ventures argues in the alternative that, if it is liable for Medtronic's attorney fees, then Boston Scientific Corporation and Guidant Corporation must also be liable for those fees. Medtronic cross-appeals, arguing that if Mirowski Family Ventures is not liable for the attorney fees, then Boston Scientific and Guidant must be. Boston Scientific and Guidant cross-appeal, arguing that only Mirowski Family Ventures is liable for Medtronic's fees, and, in the alternative, that Medtronic failed to timely file a motion for fees.

The district court correctly determined that Medtronic's claim for attorney fees was timely because its contractual entitlement to those fees was an element of damages proven at trial. The district court also correctly determined that only Mirowski Family Ventures was bound by the contractual fee-shifting provisions. We therefore *affirm*.

BACKGROUND

Throughout the 1980s, Medtronic and Eli Lilly & Company were avid competitors in the cardiac simulator field. One of the most important products in that field is the Implantable Cardioverter Defibrillator ("ICD"), which was invented by Dr. Mirowski and claimed in several of Dr. Mirowski's patents.

In 1973, Dr. Mirowski entered into an exclusive license with Eli Lilly, providing Eli Lilly the right to sublicense the ICD. Dr. Mirowski passed away in 1990, and Mirowski Family Ventures assumed all of his rights and obligations under the exclusive licensing agreement with Eli Lilly. In 2004, one of Eli Lilly's subsidiaries, Guidant, assumed all of Eli Lilly's rights and obligations under the Mirowski agreement. Boston Scientific acquired Guidant in 2006, making Guidant a wholly owned subsidiary of Boston Scientific.

A. The 1991 Agreement

The competition between Eli Lilly and Medtronic generated considerable patent litigation. To help resolve these disputes, in 1991, Eli Lilly and Medtronic agreed to cross-license their patents, including third-party patents that they had the right to sublicense, such as the Mirowski ICD patents. Article III of the 1991 Agreement addresses third-party sublicenses and creates a dispute resolution procedure that protected the Mirowski family's interest with respect to new Medtronic devices that allegedly infringe the Mirowski patents. The relevant sublicense dispute resolution provisions from Article III of the 1991 Agreement state as follows:

> With respect to the Mirowski license, and any new Medtronic devices, if Medtronic is not paying royalties on such new device, and Lilly or the Mirowski family believes that such device infringes one of more of the Mirowski patent(s), Lilly

shall notify Medtronic of such infringement. Medtronic shall have ninety days to cure the non-payment of royalties. If Medtronic fails to pay such royalties within the cure period and continue payment thereunder Lilly shall have the right to terminate the sublicense as to that Mirowski Patent(s).

If Medtronic pays the royalty, Medtronic shall, while maintaining its sublicense under the License Agreement, have the right to challenge the validity and enforceability of any patent under the Mirowski license, other than [several specified patent numbers] and shall have the right to challenge Lilly's assertion of infringement of any of the Mirowski patents through a Declaratory Judgment action. In such action, Lilly and the Mirowski family shall not make claims for willful infringement or punitive damages and neither Lilly nor the Mirowski family shall seek injunctive relief. In any such litigation, the losing party shall pay all reasonable attorneys' fees and court costs for the winning party and, if Medtronic is the winning party, all royalties paid from the date Medtronic files suit shall immediately be refunded to Medtronic including simple interest at a rate of nine and on-half percent (9.5%) per annum. In any such litigation if Medtronic is found not to have any royalty obligations with respect to the products in dispute then it shall be considered the winning party.

J.A. 306−07.

In essence, Article III of the 1991 Agreement provides that if either the Mirowski family or Eli Lilly believed that Medtronic was not paying royalties for an infringing Medtronic device, then Eli Lilly was obligated to notify Medtronic of infringement, and Medtronic was obligated

to pay such royalties. If Medtronic failed to pay the royalties, then Eli Lilly had the right to terminate Medtronic's sublicense to the Mirowski patents. If Medtronic did pay the royalties, Medtronic could seek a declaratory judgement challenging the validity and enforceability of the Mirowski patent at issue. If, in any such litigation, Medtronic was found to not owe any royalty obligations with respect to the products in dispute, then Medtronic would be deemed the winning party. As the winning party, Medtronic would be entitled to all royalties paid since the date the suit was filed, plus interest. Eli Lilly, as the losing party, would pay Medtronic's reasonable attorney fees.

### B. The 2006 Litigation Tolling Agreement

Mirowski Family Ventures and Guidant asserted that a series of Medtronic cardiac resynchronization products, referred to collectively as the InSync devices, were infringing Mirowski's U.S. Patent No. RE38,119 ("'119 patent"). In response, Medtronic maintained that the '119 patent was invalid and unenforceable. While these discussions were ongoing, litigation concerning the validity of the '119 patent was pending in the District of Delaware. J.A. 701−02.

In 2006, Mirowski Family Ventures, Guidant, and Medtronic entered into the Litigation Tolling Agreement to defer Medtronic's obligation to file a declaratory judgment action until the conclusion of litigation ongoing in the District of Delaware concerning the validity of the '119 patent. *See* J.A. 701−04. Paragraph 7(c) of the 2006 Tolling Agreement provides that, within sixty days after a decision from the Delaware District Court on the validity of the '119 Patent, Guidant or Mirowski Family Ventures could notify Medtronic of any Medtronic devices that infringe any claim of the '119 patent that is not adjudicated to be invalid or unenforceable during the District of Delaware litigation. J.A. 705−06. If Mirowski Family

Ventures or Guidant provided notice of infringement under ¶ 7(c) of the Tolling Agreement, then Medtronic could seek a declaratory judgment action in Delaware District Court challenging the infringement, validity, and enforceability pursuant to ¶ 8 of the Tolling Agreement. J.A. 706.

The Tolling Agreement is silent regarding attorney fees related to actions brought under ¶ 7(c) and ¶ 8. The only discussion of attorney fees is in ¶ 11. That discussion is undisputedly not applicable to this case, because it relates only to disputes over royalty disbursements. J.A. 708. When read in conjunction with the Tolling Agreement's definitional section, ¶ 15 of the Tolling Agreement provides that the 1991 Agreement is amended as necessary to conform to the Tolling Agreement:

> "Medtronic Agreement" means a sublicense to certain patents owned by Mirowski, including the '119 Patent pursuant to a License Agreement dated May 13, 1991, as has been amended from time to time.
>
> * * *
>
> 15. Except for the August 28, 2003 Settlement Agreement, the Medtronic Agreement, and the Amended Original Agreement, this Agreement constitutes the entire agreement and understanding of the parties with regard to the subject matter hereof and merges and supersedes all prior discussions, negotiations, understandings and agreements among the Parties concerning the subject matter hereof. *The Medtronic Agreement shall be considered to be amended as necessary to conform with this Agreement.*

J.A. 703, 708. (emphasis added).

## C. Current Litigation

In 2007, following results of the pending District of Delaware litigation, Mirowski Family Ventures notified Medtronic pursuant to ¶ 7(c) of the Tolling Agreement that certain InSync devices were infringing the '119 patent. J.A. 103, 901−03. Subsequently, pursuant to ¶ 8 of the Tolling Agreement, Medtronic filed an action in Delaware District Court against Mirowski Family Ventures, Boston Scientific, and Guidant seeking declaratory judgment of non-infringement, invalidity, and unenforceability of the '119 patent. In 2011, the district court found in favor of Medtronic on the merits.[1] In 2012, the Federal Circuit vacated and remanded the district court's decision.[2] In January 2014, the Supreme Court reversed and remanded.[3] On remand, in March 2014, the Federal Circuit affirmed the district court's judgement in favor of Medtronic.[4]

Medtronic notified the parties that it would seek attorney fees during a July 28, 2014 status report to the district court. In August 2015, the district court entered a final order for Medtronic against Mirowski Family Ventures for attorney fees in the amount of $6,028,305.33. J.A. 1. In doing so, the district court reached four determinations relevant in this appeal.

First, the district court concluded that Medtronic's claim for attorney fees was timely even though it was not

---

[1]    *Medtronic, Inc. v. Bos. Sci. Corp.*, 777 F. Supp. 2d 750 (D. Del. 2011).

[2]    *Medtronic, Inc. v. Bos. Sci. Corp.*, 695 F.3d 1266 (2012).

[3]    *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S. Ct. 843 (2014).

[4]    *Medtronic, Inc. v. Bos. Sci. Corp.*, 558 F. App'x 998 (2014).

made by motion within fourteen days after entry of judgment as provided by Federal Rule of Civil Procedures 54(d)(2). The district court relied on Advisory Committee notes to conclude that the timeliness requirements of Rule 54(d)(2) did not apply because Medtronic's claim for fees was based in contract. J.A. 104−06. Therefore, Medtronic was entitled to seek such fees as an element of damages at trial, instead of by motion.

Second, the district court concluded that the fee shifting provision in Article III of the 1991 Agreement, excerpted above, applied to the instant litigation triggered by ¶ 7(c) and ¶ 8 of the 2006 Tolling Agreement. The court reasoned that the parties made deliberate, explicit amendments to the 1991 Agreement in the Tolling Agreement. Therefore, the absence of any reference of attorney fees in the relevant provisions of the Tolling Agreement meant that the parties intended to leave intact the 1991 Agreement's fee-shifting provision. JA107−08.

Third, the district court found that the attorney fee provisions of the 1991 Agreement apply to Mirowski Family Ventures, despite that Mirowski Family Ventures is not a signatory to the 1991 Agreement. The district court reasoned that when Mirowski Family Ventures reserved for itself the right to notify Medtronic of infringement, a right that previously belonged only to Eli Lilly, Mirowski Family Ventures effectively put itself in Eli Lilly's shoes and was thus bound by the attorney fee-shifting provision. JA108−09.

Finally, the district court found that only Mirowski Family Ventures, and neither Guidant nor Boston Scientific, was liable for Medtronic's fees, because only Mirowski Family Ventures gave notice of infringement. The district court reasoned that the 1991 Agreement places the obligation to pay attorney fees on only the party asserting infringement, and Mirowski Family

Ventures was the sole party that gave Medtronic notice of infringement under ¶ 7(c) of the Tolling Agreement. JA109.

Mirowski Family Ventures appeals, arguing that it is not liable for Medtronic's attorney fees. Alternatively, Mirowski Family Ventures argues that if it is liable for Medtronic's fees, then Guidant and Boston Scientific must also be liable for those fees. Medtronic, Boston Scientific, and Guidant all defend the district court's determination that Mirowski Family Ventures, and only Mirowski Family Ventures, is liable for Medtronic's attorney fees. Medtronic cross-appeals, arguing that if Mirowski Family Ventures is not liable for the attorney fees, then Boston Scientific and Guidant must be liable for those fees. Boston Scientific and Guidant cross-appeal, arguing that Medtronic's motion for fees was untimely. Guidant also asserts that it cannot be liable for Medtronic's attorney fees because the district court lacked subject matter jurisdiction over Medtronic's non-infringement claim against Guidant. We have jurisdiction to review the district court's final decision pursuant to 28 U.S.C. § 1295(a)(1).

STANDARD OF REVIEW

This Court reviews decisions on issues not unique to patent law under the standards of review applicable in the relevant regional circuit, which in this case is the Third Circuit. *Info-Hold, Inc. v. Muzak LLC,* 783 F.3d 1365, 1371 (Fed. Cir. 2015). The Third Circuit reviews the legal interpretation of procedural rules de novo and has held that de novo review applies when considering whether a motion for attorney fees is timely under Rule 54(d) of the Federal Rules of Civil Procedure. *United Auto Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr.,* 501 F.3d 283, 286 (3d Cir. 2007).

The standard of review within the Third Circuit for contract law issues depends on whether the issue pre-

sented is one of contract interpretation or contract construction. Contract interpretation is a question of fact reviewed under a clearly erroneous standard. Contract construction is a question of law reviewed de novo. *See John F. Harkins Co., Inc. v. Waldinger Corp.*, 796 F.2d 657, 659 (3d. Cir. 1986).

Contract interpretation involves determining the meaning of the contract language and giving effect to the parties' intent. *Id.* Construction of a contract goes beyond interpretation and requires determining the legal effect and consequences of contractual provisions:

> If we make this distinction, then the construction of a contract starts with the interpretation of its language but does not end with it; while the process of interpretation stops wholly short of a determination of the legal relations of the parties. When a court gives a construction to the contract as that is affected by events subsequent to its making and not foreseen by the parties, it is departing very far from mere interpretation of their symbols of expression, although even then it may claim somewhat erroneously to be giving effect to the "intention" of the parties.

*Id.* (quoting CORBIN ON CONTRACTS § 534 at 9 (1960)).

This case raises an issue of contract construction because the issue on appeal does not require interpretation of any particular terms, but instead asks us to determine the legal effect of and interplay between various provisions of the 2006 Tolling Agreement and the 1991 Agreement. This is analogous to *Ram Constr. Co. v. Am. States Ins. Co.*, where the Third Circuit found an issue of contract construction when presented with the question of whether the provisions of a contract for removal of one rock slide from a roadway governed removal of a subsequent rock slide, or whether the actions of the parties created a second contract. 749 F.2d 1049, 1052−53 (3d

Cir. 1984).  As such, we apply a de novo standard of review.

Discussion

A. Timeliness of Medtronic's Claim

Mirowski Family Ventures, Boston Scientific, and Guidant contend that Medtronic's motion for fees was untimely because it was not filed within fourteen days of judgment as required by Rule 54(d)(2) of the Federal Rules of Civil Procedure.  We disagree.

Subparagraph (A) of Rule 54(d)(2) provides that: "A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages."  Subparagraph (B) of the same rule provides that, "unless a statute or court order provides otherwise," the motion for attorney fees must "be filed no later than 14 days after the entry of judgment."  The Advisory Committee notes to Rule 54(d)(2) elaborate on the exception in subparagraph (A):

> As noted in subparagraph (A), it does not, however, apply to fees recoverable as an element of damages, as when sought under the terms of a contract; such damages typically are to be claimed in a pleading and may involve issues to be resolved by a jury.

Medtronic's claim for attorney fees falls within subparagraph (A)'s exception to Rule 54(d)(2), because its contractual right to fees is an element of damages proven at trial.  Medtronic's right to fees is based on its contractual rights and obligations under the 1991 Agreement.  Mirowski Family Ventures' assertion that Medtronic's InSync devices infringed the '119 patent triggered Medtronic's obligation under the 1991 Agreement to pay royalties unless and until Medtronic obtained a declaratory judgment holding that no royalties were due.  Once

Medtronic proved at trial that no royalty obligations were due, Medtronic was contractually entitled to the royalties it paid pending declaratory judgment, plus interest, and its reasonable attorney fees.   J.A. 306−07.

Because Medtronic's attorney fees were proven at trial as an element of damages, the fourteen-day deadline of Rule 54(d)(2) does not apply to its claim for attorney fees. The district court, then, did not err in finding that Medtronic's claim for attorney fees was timely.

### B. Effect of the 1991 Agreement on Mirowski Family Ventures

Mirowski Family Ventures argues that it cannot be held liable under the 1991 Agreement's fee shifting provision because Mirowski Family Ventures was not a party to the 1991 Agreement.  We disagree.

The 1991 Agreement and the 2006 Litigation Tolling Agreement provide that Minnesota law govern their interpretation. J.A. 312, 708.   Under Minnesota contract law, the primary goal of contract construction is to "allow the intent of the parties to prevail." *Turner v. Alpha Phi Sorority House*, 276 N.W.2d 63 (Minn. 1979).

It is undisputed that the 1991 Agreement, as initially contemplated and understood by the parties, only legally bound Eli Lilly and Medtronic.  Under Article III of the 1991 Agreement, Eli Lilly was obligated to protect the Mirowski family's interest against infringing Medtronic devices.  Only Eli Lilly could give Medtronic notice of infringement and thereby trigger the dispute resolution provisions of the 1991 Agreement that required Medtronic to begin paying royalties.  Likewise, only Eli Lilly was obligated to pay Medtronic's attorney fees if Medtronic was the winning party in any resulting declaratory judgment action.  As explained at the outset, when Guidant and Eli Lilly executed their 2004 agreement, Guidant thereby assumed all of Eli Lilly's rights and obligations to

the Mirowski family. Thus, pursuant to that 2004 agreement, Guidant obtained Eli Lilly's exclusive authority to trigger the sublicense dispute resolution mechanisms and the fee shifting provisions of the 1991 Agreement.

The 2006 Tolling Agreement modified the sublicense dispute resolution provisions of the 1991 Agreement. Specifically, ¶ 7(c) of the Tolling Agreement modified the 1991 Agreement by giving Mirowski Family Ventures authority to trigger the sublicense dispute provisions as applied to the '119 patent or any subsequent reissuance. This clause explicitly superseded provisions of the 1991 Agreement. In other words, the Tolling Agreement put Mirowski Family Ventures and Guidant on equal footing, and both enjoyed the position Eli Lilly initially occupied on its own.

As the district court recognized, the parties to the 2006 Tolling Agreement carefully made specific modifications to the 1991 Agreement's dispute resolution provisions, but they did not modify the fee shifting provision. The 2006 Tolling Agreement further stated that the 1991 Agreement would be modified only "as necessary" to conform to the 2006 Tolling Agreement. We construe the legal effect of the 2006 Tolling Agreement to be that Mirowski Family Ventures assumed both Eli Lilly's right to assert infringement against Medtronic and Eli Lilly's obligation to pay Medtronic's attorney fees if Medtronic was deemed the winning party in any resulting litigation. Therefore, the district court did not err in finding that Mirowski Family Ventures was bound by the fee shifting provision of the 1991 Agreement.

### C. Effect of the 1991 Agreement on Guidant and Boston Scientific

Mirowski Family Ventures argues that if it is liable for Medtronic's attorney fees, then Guidant and Boston Scientific should be deemed also liable for those fees. We disagree. Under the 1991 Agreement, only the party that

gave notice of infringement and initiated the sublicense dispute resolution provisions was obligated to pay the winning party's fees. As the district court recognized, only Mirowski Family Ventures gave Medtronic notice of infringement pursuant to ¶ 7(c) of the 2006 Tolling Agreement. Therefore, the district court correctly concluded that only Mirowski Family Ventures is liable for Medtronic's attorney fees.

## CONCLUSION

The district court correctly held that Medtronic's claim for attorney fees was timely and that Mirowski Family Ventures is liable for those fees. Because we also find that the district court correctly determined that Boston Scientific and Guidant are not liable for Medtronic's fees, we need not reach Guidant's alternative jurisdictional argument. We *affirm*.

## **AFFIRMED**

### COSTS

Each party to bear its own costs.